**SELECTIVE INSURANCE COMPANY OF AMERICA, Petitioner**

v.

**BUREAU OF WORKERS' COMPENSATION FEE REVIEW HEARING OFFICE (The Physical Therapy Institute), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2013.

Reconsideration Granted Feb. 4, 2014.

**301**

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge LEAVITT.

Selective Insurance Company of America (Insurer) petitions for review of an adjudication of the Bureau of Workers' Compensation Fee Review Hearing Office (Bureau) dismissing its request for a hearing to contest a fee review determination made by the Bureau's Medical Fee Review Section. The pivotal issue raised in Insurer's petition was whether it had liability to pay invoices issued by a billing entity that was not the medical provider. The Bureau held that this is not an issue for a fee review proceeding, and we agree with this conclusion. However, we modify the Bureau's adjudication to vacate the fee review determinations that Insurer challenged.[1]

On January 23, 2012, Shawn Ferraccio (Claimant) injured his right shoulder while working for Gallery Interiors, Inc., and he received physical therapy to treat this work injury. Insurer denied The Physical Therapy Institute's invoices for this treatment for the stated reason that it did not actually provide physical therapy to Claimant, explaining as follows:

> The Physical Therapy Institute is not the entity which provided the PT services represented on the submitted bill and therefore is not entitled to payment under the medical cost containment provision of the Act.

Reproduced Record at 13a (R.R. ———).[2]

The Physical Therapy Institute filed two fee review applications, requesting review

George J. Steffish, III, Butler, and Charles S. Katz, Jr., Paoli, for petitioner.

Kelly J. Dollins, Washington, for respondent The Physical Therapy Institute.

1. On December 6, 2013, this Court filed an opinion and order in this case. On February 4, 2014, we granted The Physical Therapy Institute's application for reargument and withdrew the December 6, 2013, opinion and order.

2. Insurer believes that "THE pt GROUP," a Medicare Part B provider, provided the physi-

of the "amount of payment." R.R. 6a, 87a. The first application covered treatment from January 25, 2012, through February 3, 2012, for which it billed $2,080.21. The Bureau's Medical Fee Review Section determined that the amount billed was correct and directed Insurer to pay The Physical Therapy Institute $2,080.21 plus ten percent interest. In doing so, the Medical Fee Review Section stated that "Insurer did not provide a valid denial." R.R. 31a. The second fee review application covered treatment from February 6, 2012, through February 8, 2012, for which The Physical Therapy Institute billed $810.40. The Medical Fee Review Section determined that the amount billed was correct and directed Insurer to pay The Physical Therapy Institute $810.40 plus ten percent interest.

Insurer then filed a "Request for Hearing to Contest Fee Review Determination," seeking a *de novo* hearing on both administrative determinations. Insurer identified the factual issue as "whether the billing provider is the provider that performed the physical therapy services" and the legal issue as whether "the billing provider [is] entitled to reimbursement for services." R.R. 119a.

The matter was assigned to a Hearing Officer in the Bureau. Counsel for each party appeared at the hearing and agreed that the threshold issue was whether the Bureau had jurisdiction to decide the question of whether The Physical Therapy Institute was a medical provider entitled to

payment. Insurer's counsel requested an opportunity to submit evidence on the jurisdictional issue, noting that the evidentiary hearing would be "very long and intricate." R.R. 135a. The Physical Therapy Institute asserted that the Bureau had jurisdiction over the amount or timeliness of a payment owed for medical treatment but not over the question of whether a billing agency is a provider. Counsel also noted for the record that penalty petitions were pending before a workers' compensation judge for Insurer's non-payment of medical bills for two injured workers, in which a central issue was whether The Physical Therapy Institute was a provider.[3]

The Bureau dismissed Insurer's petition, concluding that its jurisdiction was limited to disputes over the amount or timeliness of an insurer's payment of medical bills. The Bureau concluded that the issue of whether The Physical Therapy Institute was a "provider" should be litigated in the penalty petition proceeding. Insurer then petitioned for this Court's review and requested supersedeas, which was granted by this Court.

On appeal,[4] Insurer presents two issues for our consideration. First, Insurer argues that the Bureau erred by concluding that it lacked jurisdiction over the issue raised in Insurer's fee review petition. Second, and alternatively, Insurer asserts that the Bureau erred in dismissing Insurer's request for a hearing when it should have dismissed the applications for fee re-

cal therapy, not The Physical Therapy Institute, a Medicare Part A provider. Insurer's Brief at 5–6.

3. Counsel told the Hearing Officer that the evidentiary record the parties had made for the penalty petitions was "enormous." R.R. 134a.

4. This Court's review of a decision by a Bureau fee review hearing officer is limited to

determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2 Pa.C.S. § 704; *Walsh v. Bureau of Workers' Compensation Fee Review Hearing Office (Traveler's Insurance Co.)*, 67 A.3d 117, 120 n. 5 (Pa.Cmwlth.2013).

view submitted by The Physical Therapy Institute.

We begin with a review of the law relevant to the payment of a claimant's medical expenses. Section 306(f.1)(1) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(1), obligates the employer to pay "for reasonable surgical and medical services, *services rendered by* physicians or other health care *providers* ... medicines and supplies, as and when needed." 77 P.S. § 531(1)(i) (emphasis added). Section 306(f.1)(5) of the Act allows a *"provider* who ... disputes the *amount or timeliness* of [a] payment from the employer or insurer" to file an application for fee review. 77 P.S. § 531(5) (emphasis added).[5] Under the medical cost containment regulations, the provider first submits an application for fee review to the Bureau, which renders an administrative decision. 34 Pa. Code § 127.256. Either the provider or the insurer may then contest an adverse determination by requesting a hearing, where the hearing officer considers the matter *de novo* and issues an adjudication. 34 Pa. Code §§ 127.257, 127.259. Filing a request for hearing acts as a "supersedeas of the administrative decision on the fee review." 34 Pa.Code § 127.257(e).

In its first issue, Insurer argues that the Bureau erred in refusing to take evidence on the factual question of whether The Physical Therapy Institute was actually the "provider" of Claimant's physical therapy. Insurer argues that this threshold issue must be decided before the amount of payment can be determined. If the person sending invoices is not a "provider," then the amount owed will be $0.

■ The Physical Therapy Institute rejoins that a fee review proceeding is strictly limited to questions of amount and timeliness of payment. It contends that whether The Physical Therapy Institute is a provider of Claimant's physical therapy is a complex matter beyond the scope of a fee review. We agree.

In *Crozer Chester Medical Center v. Department of Labor and Industry, Bureau of Workers' Compensation,* 610 Pa. 459, 22 A.3d 189 (2011), the Pennsylvania Supreme Court discussed the fee review process at length, explaining that fee review is designed to be a "simple process" with a "very narrow scope" limited to determining the "relatively simple matters" of "amount or timeliness" of payment for

---

5. Section 306(f.1)(5) states as follows:

The employer or insurer shall make payment and providers shall submit bills and records in accordance with the provisions of this section. All payments to providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records unless the employer or insurer disputes the reasonableness or necessity of the treatment provided pursuant to paragraph (6). The non-payment to providers within thirty (30) days for treatment for which a bill and records have been submitted shall only apply to that particular treatment or portion thereof in dispute; payment must be made timely for any treatment or portion thereof not in dispute. *A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department* no more than thirty (30) days following notification of a disputed treatment or ninety (90) days following the original billing date of treatment. If the insurer disputes the reasonableness and necessity of the treatment pursuant to paragraph (6), the period for filing an application for fee review shall be tolled as long as the insurer has the right to suspend payment to the provider pursuant to the provisions of this paragraph. Within thirty (30) days of the filing of such an application, the department shall render an administrative decision.

77 P.S. § 531(5) (emphasis added).

medical treatment. *Id.* at 470, 472, 22 A.3d at 196–97. The Court described disputes over the amount of payment as those where the medical fee "had not been calculated in accordance with the compensation fee schedule or medical billing protocols." *Id.*[6]

The Supreme Court reasoned that personnel assigned to the fee review have specialized and narrow expertise that does not replicate the expertise of workers' compensation judges. It explained as follows:

> While [fee review] personnel [who at the initial level are nurses] are experienced and knowledgeable about the workers' compensation fee schedule, their skills are markedly distinct from workers' compensation judges, who as attorneys with a mandatory minimum of five years' workers' compensation law experience are trained to conduct hearings and make credibility determinations.

> ∗       ∗       ∗

> Understandably, the General Assembly directed that most disputed compensation issues be litigated between claimants and insurers before skilled workers' compensation judges in the first instance, and reserved few narrow issues to be litigated by the medical care provider before a fee review hearing officer.

*Id.* at 470, 22 A.3d at 196 (internal punctuation omitted).

■■■ In *Nickel v. Workers' Compensation Appeal Board (Agway Agronomy),*

959 A.2d 498, 503 (Pa.Cmwlth.2008), this Court held that the fee review process "presupposes that liability has been established." Accordingly, a fee review proceeding is not undertaken to determine liability for a particular treatment. In *Crozer,* the Supreme Court agreed with this logic, stating:

> In cases in which liability for a particular treatment is at issue, the claimant, not the medical provider, must pursue compensation before a workers' compensation judge in the regular course.

*Crozer,* 610 Pa. at 469, 22 A.3d at 195. The fee review process is "not designed to encompass ... an inquiry into the insurer's reasons for denying liability." *Id.* at 472 n. 8, 22 A.3d at 197 n. 8. A "specially qualified workers' compensation judge," not "non-qualified personnel within the Department," must make the legal determination of whether a provider is "entitled to payment at all." *Id.* at 473, 22 A.3d at 198.[7]

■■■ Here, the amount Insurer must pay for Claimant's physical therapy treatments is not the issue raised by Insurer. Rather, its issue is whether it is liable at all to The Physical Therapy Institute. The answer hinges on a determination of whether The Physical Therapy Institute is a provider of physical therapy to Claimant, or simply a billing agency, and this is a question beyond the scope of a fee review. Liability must be established before a fee review proceeding can take place. Further, the fee review process assumes that the per-

---

6. In addition, this Court has listed "disputed billing codes" and "the usual and customary rental fees for medical devices" as "classic example[s] of the type of fee dispute contemplated by Section 306(f.1)(5) of the Act." *Nickel v. Workers' Compensation Appeal Board (Agway Agronomy),* 959 A.2d 498, 504 n. 7 (Pa. Cmwlth.2008).

7. In *Crozer,* the Supreme Court held that the medical provider was not entitled to mandamus relief to compel a decision on its fee review application where the insurer had accepted liability for a work injury but disputed liability for a surgical procedure by refusing payment. The Court held that liability for the surgical procedure must be litigated before a workers' compensation judge, not through fee review.

son seeking a fee review has been established as a valid medical provider.

■ The question of whether The Physical Therapy Institute is a "provider" is a complex issue for a workers' compensation judge to decide. Indeed, Insurer's counsel stated that the evidence he intended to offer on the issue was "very long and intricate." R.R. 135a. In short, the Bureau lacked jurisdiction to determine whether The Physical Therapy Institute is a medical provider.

Insurer next argues that if the Bureau lacked jurisdiction to consider its challenge to its Medical Fee Review Section's fee determination, then the Medical Fee Review Section lacked jurisdiction to act upon The Physical Therapy Institute's fee review applications. Accordingly, the Bureau erred by dismissing Insurer's request for a *de novo* hearing because it left the Medical Fee Review Section's fee review determinations intact. The Bureau should have also marked both of The Physical Therapy Institute's fee review applications as dismissed for lack of jurisdiction. We agree.

■ The parties have no dispute about the amount billed. The critical issue, and the reason Insurer denied payment, has always been whether The Physical Therapy Institute provides physical therapy treatment to Claimant. Section 306(f.1)(5) of the Act permits a "provider" to file an application for fee review, but the Medical Fee Review Section has no way of knowing whether The Physical Therapy Institute is the "provider" until a workers' compensation judge renders a determination. Accordingly, the Bureau's Medical Fee Review Section should not have ordered Insurer to pay the invoices of The Physical Therapy Institute.[8] The Bureau compounded this error by denying Insurer's request for a *de novo* hearing while leaving the fee review determinations as final and effective. If the Bureau lacked jurisdiction to decide liability, *a fortiori*, the Bureau's Medical Fee Review Section also lacked jurisdiction to consider the fee review petitions submitted by The Physical Therapy Institute.[9]

Accordingly, upon reconsideration, the order of the Bureau's Hearing Office is affirmed as modified to also vacate the Medical Fee Review Section's fee review

**8.** Although not specifically discussed in the medical cost containment regulations, this situation is similar to that addressed in Regulation 127.255 directing the Bureau to return a fee review application as prematurely filed if the insurer "denies liability for the alleged work injury" or "has filed a request for utilization review of the treatment." 34 Pa.Code § 127.255. Insurer here disputed the provider's identity, which presumably prompted the Bureau's Medical Fee Review Section to deem that Insurer did not "provide a valid denial" of the amount of payment. R.R. 31a. The Bureau should have dismissed the applications as prematurely filed.

**9.** The Physical Therapy Institute asserts that a provider's only recourse is to file a fee review petition because providers cannot file other types of petitions. However, Claimant can file a petition to establish Insurer's liability to

The Physical Therapy Institute, such as a review petition or a penalty petition. The record shows that at least two claimants treating with The Physical Therapy Institute have filed penalty petitions to litigate the issue of whether The Physical Therapy Institute is a provider within the meaning of the Act. Claimants have an incentive to file a petition on behalf of a provider because when an insurer violates the Act by failing to make proper payment to a medical provider, the penalty is payable to the claimant. *Westinghouse Electric Corporation v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209, 218 (Pa.Cmwlth. 2003). The absence of a direct statutory remedy for providers does not mean that the Court may expand the scope of a fee review to create a remedy. The matter is one for the legislature, assuming there is a need for a provider to have another remedy.

determinations because the issue presented was non-cognizable by the fee review authorities.

## ORDER

AND NOW, this 4th day of February, 2014, the order of the Fee Review Hearing Officer of the Bureau of Workers' Compensation Fee Review Hearing Office dated March 18, 2013, in the above captioned matter is hereby MODIFIED to vacate the fee review determinations by the Bureau of Workers' Compensation Medical Fee Review Section for lack of jurisdiction and AFFIRMED in all other respects.