**PHYSICAL THERAPY INSTITUTE, INC., Petitioner**

v.

**BUREAU OF WORKERS' COMPENSA-TION FEE REVIEW HEARING OF-FICE (Selective Insurance Company of SC), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 10, 2014.

Decided Jan. 16, 2015.

Christopher E. Fisher, Lemoyne, for petitioner.

Charles S. Katz, Jr., Paoli, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and MARY HANNAH LEAVITT, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge LEAVITT.

Physical Therapy Institute, Inc. petitions for review of an adjudication of the

---

Bureau of Workers' Compensation Fee Review Hearing Office (Bureau) dismissing the request of Selective Insurance Company of SC (Insurer) for a hearing to contest fee review determinations made by the Bureau's Medical Fee Review Section. Insurer asserted that it did not have liability for invoices issued by an entity that was not the provider of medical treatment to a claimant. The Bureau held that it lacked subject matter jurisdiction over Insurer's request for a hearing. Nevertheless, the Bureau vacated the fee review determinations challenged by Insurer on grounds that the Bureau's Medical Fee Review Section lacked authority to consider the applications. Physical Therapy Institute has appealed the Bureau's vacating of the fee review determinations. We affirm.

On August 16, 2012, Timothy Aston (Claimant) injured his low back while working for Greensburg Beverage, Inc., for which he was prescribed physical therapy. Insurer denied Physical Therapy Institute's invoices for this treatment for the stated reason that it did not actually provide physical therapy to Claimant, explaining as follows:

> The billing entity, the Physical Therapy Institute, did not provide the injured worker with the physical therapy services for which payment is sought. The services were provided by a Medicare Part B provider. Its level of reimbursement is much lower than that of [Physical Therapy Institute], a Medicare Part A provider. The Part B provider has not submitted a bill for consideration. Under the PA [Workers' Compensation] Act,[1] the amount of payment owed to the Physical Therapy Institute is $0.00.

Reproduced Record at 230a, 269a, 301a, 332a, 366a (R.R. ——).

Physical Therapy Institute filed five separate fee review applications, requesting review of the "amount of payment." R.R. 223a, 264a, 296a, 327a, 359a. Its first application related to treatment provided from September 4, 2012, to September 21, 2012, for which it billed $4,042.38. The second application related to treatment provided from September 24, 2012, to September 27, 2012, for which it billed $1,816.29. The third application related to treatment provided on October 15, 2012, for which it billed $537.12. The fourth application related to treatment provided from December 17, 2012, to January 3, 2013, for which it billed $3,417.31. The Bureau's Medical Fee Review Section ordered full payment on all these invoices plus ten percent interest. The fifth application related to treatment provided from January 7, 2013, to January 14, 2013, for which Physical Therapy Institute billed $2,330.12. The Bureau's Medical Fee Review Section reduced this invoice to $2,219.36 and ordered its payment plus ten percent interest.

Insurer then filed a "Request for Hearing to Contest Fee Review Determination," seeking a *de novo* hearing on all five determinations. R.R. 1a–8a. Insurer identified the issue as whether a Medicare Part B provider may contract with a Medicare Part A provider, *i.e.*, Physical Therapy Institute, to use the Medicare Part A provider's tax identification number in order "to obtain reimbursement at the level of a Medicare Part A provider which is significantly in excess of the level of payment to a Medicare Part B provider." R.R. 2a, 4a, 6a, 8a.

The matter was assigned to the Bureau's Hearing Office. At a pre-trial conference, Insurer stated its intention to present witnesses that Physical Therapy

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

Institute is not entitled to payment because it did not provide the services for which it was billing. Physical Therapy Institute moved to exclude this proposed evidence as an issue beyond the Bureau's jurisdiction. The Hearing Officer denied the motion, holding that the Hearing Officer had jurisdiction to decide the identity of the provider that provided services to Claimant.

Insurer took Claimant's testimony by deposition. Claimant testified that he received physical therapy at a facility called THE pt GROUP. Claimant testified that he never heard of Physical Therapy Institute.

Before the parties finished developing their evidence, this Court issued its decision in *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300 (Pa.Cmwlth.), *petition for allowance of appeal denied*, —— Pa. ——, 96 A.3d 1030 (2014), which involved the same parties and nearly identical facts.[2] There, we held that the Bureau lacks jurisdiction to determine whether an entity is a "provider" of medical services, or simply a billing agency. This is a question of liability, which is beyond the scope of a fee review and must be decided by a workers' compensation judge. *Id.* at 304–05. We also held that the Bureau's Medical Fee Review Section

lacked jurisdiction to consider Physical Therapy Institute's fee review petitions in the first instance and, therefore, the fee review determinations had to be vacated. *Id.* at 305.

Observing that this Court's decision in *Selective Insurance* is binding precedent, the Hearing Officer in the instant matter dismissed Insurer's hearing requests for lack of jurisdiction and vacated the Medical Fee Review Section's fee review determinations. Physical Therapy Institute then petitioned for this Court's review.[3]

On appeal, Physical Therapy Institute asserts that the Bureau should not have vacated the Bureau's fee review determinations that Insurer "was liable to [Physical Therapy Institute] for the amounts billed by the provider, [Physical Therapy Institute]," plus interest. Physical Therapy Institute's Brief at 8.[4] Physical Therapy Institute argues that the Bureau erred. Physical Therapy Institute contends that the applications for fee review were proper because they challenged the amount of payment received from Insurer, namely, $0.00. Physical Therapy Institute argues that this was the only avenue available to Physical Therapy Institute to try to secure payment and that Insurer should not be permitted to derail the fee review process with its allegations of fraud. Physical Therapy Institute posits that if this Court reaffirms the holding of *Selective Insur-*

2. The decision was originally filed on December 6, 2013. After granting reconsideration, the Court withdrew the original decision and filed the decision found at 86 A.3d 300 on February 4, 2014. The Court's legal conclusion did not change. It issued a companion case with the identical holding. *Selective Insurance Company of SC v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 2013 WL 7390961 (Pa.Cmwlth., No. 614 C.D. 2013, filed February 4, 2014).

3. This Court's review of a decision by a Bureau fee review hearing officer is limited to

determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2 Pa.C.S. § 704; *Walsh v. Bureau of Workers' Compensation Fee Review Hearing Office (Traveler's Insurance Co.)*, 67 A.3d 117, 120 n. 5 (Pa.Cmwlth.2013).

4. Physical Therapy Institute sets forth two separate issues in its brief, but they are actually one issue.

ance, 86 A.3d 300, i.e., that the issue raised was non-cognizable in the first instance, insurers will refuse to pay bills and then simply fabricate an unfounded factual or legal issue, leaving providers with no recourse or remedy.[5] Providers lack standing to file a review petition or penalty petition for consideration by a workers' compensation judge.

Insurer rejoins that the Bureau correctly vacated the Bureau's determinations based on the holding in *Selective Insurance*, which is binding on the Bureau. Insurer points out that it cannot be ordered to pay Physical Therapy Institute but left without a *de novo* hearing on the Bureau's decisions on the applications. We agree with Insurer.

■ Insurer has consistently maintained, dating back to its original denial of the submitted bills, that Physical Therapy Institute is not entitled to reimbursement because it did not provide any physical therapy services to Claimant. The reason for the denial has never changed. This Court addressed the same issue in *Selective Insurance*, 86 A.3d 300, and held that the Bureau's Medical Fee Review Section lacks jurisdiction in the first instance to determine whether Physical Therapy Institute provided the medical services being billed. That holding is dispositive in this case. In *Selective Insurance*, this Court addressed Physical Therapy Institute's contention that it had to file a fee review petition as follows:

The absence of a direct statutory remedy for providers does not mean that the Court may expand the scope of a fee review to create a remedy. The matter is one for the legislature, assuming there is a need for a provider to have another remedy.

*Id.* at 305 n. 9.

■ Physical Therapy Institute observes that a provider's only remedy for non-payment of an invoice is a fee review petition under the Workers' Compensation Act. This does not mean that providers lack any recourse. As was pointed out in *Selective Insurance*, 86 A.3d at 305 n. 9, claimants can file a petition to establish Insurer's liability to Physical Therapy Institute, such as a review or penalty petition and have, in fact, done so in at least two cases.[6] Physical Therapy Institute complains that Claimant has not filed a petition. Nevertheless, the issue of whether Physical Therapy Institute can establish itself as the provider entitled to payment, by contract with another provider, will be decided. Should Physical Therapy Institute be adjudicated the provider, it can re-bill Insurer and proceed to fee review if an issue arises involving amount or timeliness of payment. Should either party believe that the other is effecting a fraud, it can pursue that claim in a legal action, such as a declaratory judgment action.

Based on this Court's holding in *Selective Insurance*, we conclude the Bureau

5. Physical Therapy Institute points to no evidence that Insurer has done that and this Court will not speculate that insurers would engage in such behavior. Should it appear that an insurer is engaging in deceit, dishonesty or fraud, the provider may pursue that claim in the appropriate forum.

6. Claimants have incentive to file penalty petitions on behalf of a provider because any penalty awarded by a workers' compensation

judge is payable to the claimant. *Selective Insurance*, 86 A.3d at 305 n. 9. *See also Selective Insurance Company of SC v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 2014 WL 803631 (Pa.Cmwlth., No. 1433 C.D. 2013, filed February 27, 2014) (noting that claimants have filed penalty petitions and Insurer has filed review petitions requesting that a workers' compensation judge decide the provider identity question).

did not err in vacating the Medical Fee Review Section's fee review determinations and affirm the order of the Bureau's Hearing Office.[7]

### ORDER

AND NOW, this 16th day of January, 2015, the order of the Fee Review Hearing Officer of the Bureau of Workers' Compensation Fee Review Hearing Office dated December 16, 2013, in the above captioned matter is hereby AFFIRMED.

---

**7.** Although Physical Therapy Institute believes that *Selective Insurance* was wrongly decided, we decline to revisit our decision in that case. Our Supreme Court denied *allocatur* and this Court has followed the holding of *Selective Insurance* in subsequent cases. *See, e.g., Selective Insurance Company of SC v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute),* 2014 WL 791872 (Pa.Cmwlth., No. 1453 C.D. 2013, filed February 26, 2014); *Selective Insurance Company of SC v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute),* 2014 WL 803631 (Pa. Cmwlth., No. 1433 C.D. 2013, filed February 27, 2014).