# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Prescription Partners, LLC,      :
             Petitioner      :
                                     :
          v.                   :    No. 2108 C.D. 2014
                                     :    Submitted: July 17, 2015
Bureau of Workers' Compensation    :
Fee Review Hearing Office           :
(Healthsmart Casualty Claims        :
Solutions),                            :
            Respondent    :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  September 30, 2015**

Prescription Partners, LLC (Prescription Partners) filed a petition for review of an order of a Bureau of Workers' Compensation (Bureau) Fee Review Hearing Officer (Hearing Officer), denying and dismissing Prescription Partners' request for a hearing.  For the reasons discussed below, we vacate the order and remand for proceedings consistent with this opinion.

The facts of this case are not in dispute.  Carol Stotka (Claimant), an employee of St. Paul Surety (Employer), suffered a work-related injury on September 27, 1990.  Claimant receives treatment for her injury, a chronic pain condition, from Dr. Michael Toshok (Provider).  As part of Claimant's treatment,

Provider dispensed two prescription medications[1] out of his office. Provider obtained these medications from an unknown vendor who, prior to giving them to Provider, had repackaged the medications. Because the vendor repackaged the medications, each medication had two packaging or NDC codes: one from the manufacturer (original manufacturer NDC code or OMNDC code) and a repackaged NDC code.

Provider did not bill Employer directly for the medications dispensed to Claimant but instead assigned the claim to Prescription Partners. Prescription Partners then billed Employer, a self-insured entity, and its third-party administrator, Healthsmart Casualty Claims Solutions (Healthsmart), a total of $1,177.16 for the two medications. Prescription Partners arrived at this total by calculating 110% of the average wholesale price (AWP)[2] of each medication based upon the repackaged NDC code. After reviewing the claim, Healthsmart reimbursed Prescription Partners for $1,018.94, an amount equal to 110% of the AWP of each medication based upon the OMNDC code.

After receiving the partial payment from Healthsmart, Prescription Partners filed an application for fee review with the Bureau. The Bureau's Medical Fee Review Section determined that Prescription Partners was not entitled to any additional compensation from Healthsmart because Prescription Partners, as

---

[1] The prescription medications dispensed by Provider to Claimant are Cyclobenzaprine HCL and Lidoderm Patches.

[2] The workers' compensation regulations provide that "[w]hen a prescription is filled at a physician's office, payment for the prescription drug shall be limited to 110% of the average wholesale price of the product." 34 Pa. Code § 127.135(a).

a third party, was not entitled to reimbursement. Prescription Partners then filed a request for a fee review hearing to contest the adverse determination.

At a hearing held July 17, 2014, Healthsmart presented the testimony of Mr. William Jobes. Mr. Jobes testified that Healthsmart uses the "original NDC number" when paying claims. (Reproduced Record (R.R.) 29a.) When asked on cross-examination to identify the regulation that required the OMNDC code be used, Mr. Jobes was unable to do so. (R.R. 30a.)

Wendy Caldera, the manager of Prescription Partners' billing department, testified that Prescription Partners uses the Thompson Reuters Red Book (Red Book), the schedule of AWPs used in Pennsylvania, to determine 110% of the AWP for any medications dispensed by Provider. (R.R. 34a.) She also testified that she was unaware of any regulation which required the OMNDC code to be used to determine the AWP. (R.R. 34a.) During cross-examination, Ms. Caldera testified that Prescription Partners acts only as a "billing service." (R.R. 35a.) She further testified that Prescription Partners did not provide prescription medication or healthcare services, but, instead, it purchased the claim from the Provider. (R.R. 35-36a.)

In his decision, the Hearing Officer noted that there were only two issues, both of them questions of law: (1) whether Prescription Partners, as an assignee of Provider, had standing to file the fee review application, and (2) whether the proper amount for reimbursement for a repackaged drug is based upon the OMNDC code or the repackaged NDC code. (R.R. 6a.) As to the first issue, the Hearing Officer found that "Prescription Partners is not a provider of healthcare services. It is, instead, an assignee of the provider." (R.R. 9a.) The

3

Hearing Officer then concluded that as an assignee, Prescription Partners had no standing to request the fee review:

> The party requesting review, Prescription Partners, has failed to meet the burden of proof required to demonstrate that it is a proper party. Prescription Partners has failed to meet the burden of proof required to establish that it was a party competent either to file an original Application for Fee Review or a Request for <u>de novo</u> appeal therefrom. The applicable provision of the law, and its corresponding regulation, grant only to providers, not assignees, the right to file an Application for a Fee Review. Section 306(5) of the [Workers' Compensation] Act (Act), [Act of June 2, 1915, P.L. 736, *as amended*,] 77 P.S. § 531(5).[3]
>
> A provider, also known as healthcare provider, is defined in the regulations as follows: "A person, corporation, facility or institution licensed, or otherwise authorized, by the Commonwealth, to provide healthcare services, including physicians . . ., pharmacists, and officers, employees or agents of the person acting in the course and scope of employment or agency related to healthcare services."[4]
>
> No mention is made in this definition of an assignee.
>
> It is specifically concluded as a matter of law, in this regard, that an assignee is not an agent of the healthcare provider in the present case. An agent is an individual or entity that acts on behalf of a provider or other party.
>
> An assignee is a claim holder in its own right.

---

[3] Section 306(5) of the Act provides, in pertinent part: "A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review with the department . . . ." The corresponding regulation likewise provides: "A provider who has submitted the required bills and reports to an insurer and who disputes the amount or timeliness of the payment made by an insurer, shall have standing to seek review of the fee dispute by the Bureau." 34 Pa. Code § 127.251.

[4] 34 Pa. Code § 127.3.

Prescription Partners has no standing in this forum.

(R.R. 9-10a (second to last alteration in original).) The Hearing Officer also concluded that any assignment of Provider's claim to Prescription Partners was in violation of Section 318 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 621. Section 318 of the Act provides, in pertinent part, that "[c]laims for payments due . . . shall not be assignable."

> As to the second issue, the Hearing Officer found that
>
> > in billing [Employer/Healthsmart] the amount of $1,177.16, Prescription Partners was, indeed, using a repackaged drug NDC code, deriving the [AWP] of same, and then adding 10%. It is similarly found . . . that the amount paid by [Employer] was indeed $1,018.94. It is found as fact . . . that this was a correct amount when applying the original manufacturer NDC codes and the amounts derived with regard thereto from the Red Book for such original manufacturer packaging.

(R.R. 9a.) The Hearing Officer then concluded that Healthsmart was only liable for "the original manufacturer average wholesale price, and not for the amount corresponding to the repackaged number." (R.R. 10a.) The Hearing Officer explained that the OMNDC code was the correct NDC code to use because "the law makes no provision for liability for reimbursement for repackaged drugs at a higher rate than that of the original manufacturer." (R.R. 10a.) He also noted that the purpose of the regulations was to curtail escalating medical costs, and allowing the use of a repackaged NDC code which corresponded to a higher AWP would go against that purpose. (R.R. 10-11a.)

5

On appeal to this Court,[5] Prescription Partners argues that the Hearing Officer erred in considering whether Prescription Partners had standing to file a fee review application and whether the assignment of Provider's claim to Prescription Partners violated the Act, because those issues exceeded the scope of the Hearing Officer's jurisdiction.[6] Prescription Partners also argues that the Hearing Officer erred in addressing the merits of the fee dispute given that Prescription Partners' standing was in question.[7]

This Court has explained that a "fee review is designed to be a 'simple process' with a 'very narrow scope' limited to determining the 'relatively simple matters' of 'amount or timeliness' of payment for medical treatment." *Selective Ins. Co. of Am. v. Bureau of Workers' Comp. Fee Review Hearing Office (The Physical Therapy Inst.)*, 86 A.3d 300, 303-04 (Pa. Cmwlth.) (*Selective Insurance*) (quoting *Crozer Chester Med. Ctr. v. Dep't of Labor & Indus., Bureau of Workers' Comp., Health Care Servs. Review Div.*, 22 A.3d 189, 196-97 (Pa. 2011)), *appeal denied*, 96 A.3d 1030 (Pa. 2014). Accordingly, this Court has held that "the Bureau lacks jurisdiction to determine whether an entity is a 'provider' of medical

---

[5] This Court's review of a decision by a Bureau fee review hearing officer is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. *Physical Therapy Inst., Inc. v. Bureau of Workers' Comp. Fee Review Hearing Office (Selective Ins. Co. of SC)*, 108 A.3d 957, 959 n.3 (Pa. Cmwlth. 2015).

[6] Prescription Partners also makes arguments in the alternative as to the merits of these issues. Because we agree that these issues exceeded the scope of the Hearing Officer's jurisdiction, we need not address these arguments.

[7] Prescription Partners also argues that the Hearing Officer incorrectly interpreted the Act and erred in concluding that only an original manufacturer NDC code could be used. Because we agree that the Hearing Officer should not have addressed this issue at this time, we need not address this argument.

services, or simply a billing agency. This is a question of liability, which is beyond the scope of a fee review and must be decided by a workers' compensation judge." *Physical Therapy Inst., Inc. v. Bureau of Workers' Comp. Fee Review Hearing Office (Selective Ins. Co. of SC)*, 108 A.3d 957, 959 (Pa. Cmwlth. 2015) (*PTI*) (citing *Selective Insurance*, 86 A.3d at 304-05). In this case, Prescription Partners' standing was challenged on the basis that it was not a provider under the Act but was, instead, merely a billing agency. Under *Selective Insurance* and *PTI*, this is a question of liability to be decided by a workers' compensation judge (WCJ). Thus, we agree with Prescription Partners that the issue of Prescription Partners' standing was outside the scope of the fee review process and that the Hearing Officer erred in considering this issue.

Likewise, the legality of Provider's assignment to Prescription Partners falls well outside the "very narrow scope" of a fee review, as it is not at all related to the amount or timeliness of the payment. *See Selective Insurance*, 86 A.3d at 303. The Hearing Officer, therefore, exceeded his jurisdiction in addressing this issue.

What is clearly within the jurisdiction of the Hearing Officer, on the other hand, are the merits of the fee dispute—*i.e.*, which NDC code should be used. *See id.* at 304 n.6 (noting that "disputed billing codes" are a "classic example" of a dispute encompassed by the fee review process). This Court, however, has stated that "[l]iability must be established before a fee review proceeding can take place. . . . [T]he fee review process assumes that the person seeking a fee review has been established as a valid medical provider." *Id.* at 304-05. We, therefore, also agree that the Hearing Officer erred in

7

addressing the merits of the fee dispute before the issue of Prescription Partners' standing was resolved by a WCJ.

Accordingly, we vacate the Hearing Officer's order and remand the case to the Bureau to either be dismissed without prejudice or stayed until the issue of Prescription Partners' standing is decided by a WCJ.

 

_____

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Prescription Partners, LLC, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 2108 C.D. 2014 |
| | : | |
| Bureau of Workers' Compensation | : | |
| Fee Review Hearing Office | : | |
| (Healthsmart Casualty Claims | : | |
| Solutions), | : | |
| Respondent | : | |

## **O R D E R**

AND NOW, this 30th day of September, 2015, the order of the Bureau of Workers' Compensation (Bureau) Fee Review Hearing Office is hereby vacated, and the matter is remanded to the Bureau with further direction to either stay the matter or dismiss the case without prejudice in accordance with this opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Prescription Partners, LLC,                :
                    Petitioner          :
                                      :
             v.                      :    No. 2108 C.D. 2014
                                        :
Bureau of Workers' Compensation     :    Submitted: July 17, 2015
Fee Review Hearing Office                  :
(Healthsmart Casualty Claims            :
Solutions),                                         :
                    Respondent        :

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**CONCURRING OPINION**
**BY JUDGE COHN JUBELIRER**                    **FILED:  September 30, 2015**


For the reasons set forth in the concurring opinion in <u>Prescription Partners,</u> <u>LLC v. Bureau of Workers' Compensation Fee Review Hearing Office</u> <u>(Healthsmart Casualty Claims Solutions)</u> (Pa. Cmwlth., No. 2107 C.D. 2014, filed September 30, 2015), I respectfully concur in the result.


                                        _____
                                        **RENÉE COHN JUBELIRER, Judge**