# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scomed Supply, : 
                    Petitioner :
                                 :
              v.                 : No. 561 C.D. 2017
                                 : Submitted: April 6, 2018
Bureau of Workers' Compensation :
Fee Review Hearing Office        :
(Lackawanna American Insurance   :
Company),                        :
                    Respondent   :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
        HONORABLE MICHAEL H. WOJCIK, Judge
        HONORABLE J. WESLEY OLER, JR., Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED: May 24, 2018**


Scomed Supply (Scomed) petitions for review of two orders of the Bureau of Workers' Compensation (Bureau) Fee Review Hearing Office, dated April 26, 2017. The Bureau's Fee Review Hearing Office denied and dismissed Scomed's requests for a hearing to contest the fee review determinations made by the Bureau's Medical Fee Review Section. For the reasons set forth below, we vacate the Bureau's Fee Review Hearing Office's orders and remand the matter for further action.

The facts of this case are not in dispute. Velma Sanchez (Sanchez), an employee of Sacred Heart Senior Living (Sanchez's Employer), suffered a work-related injury on April 11, 2015. Sanchez receives treatment for her work-related injury, low back pain, from Karen Howell, D.C. As part of Sanchez's

treatment, Dr. Howell prescribed durable medical equipment to Sanchez, including a neuromuscular stimulator, a water circulation unit, electrodes, a lumbosacral brace, and lead wires. Scomed dispensed the durable medical equipment to Sanchez and billed Lackawanna American Insurance Company (Lackawanna), Sanchez's Employer's workers' compensation insurance carrier, for dates of service ranging from October 20, 2015, through February 20, 2016. Lackawanna denied Scomed's invoices, stating, *inter alia*, that chiropractors may not order durable medical equipment. As a result, Scomed filed six applications for fee review with the Bureau. The Bureau's Medical Fee Review Section determined that Scomed was not entitled to any compensation from Lackawanna because, *inter alia*, the information provided by Scomed was insufficient to overturn Lackawanna's reimbursement decisions. Thereafter, Scomed filed six requests for a hearing to contest the adverse determinations.

William Blue (Blue), an employee of Roma Concrete, Inc. (Blue's Employer), suffered a work-related injury on June 15, 2015. Blue receives treatment for his work-related injury, a bucket-handle tear of the medial meniscus and a spontaneous disruption of the ACL in his right knee, from John Michael Pizzimenti, D.C. As part of Blue's treatment, Dr. Pizzimenti prescribed durable medical equipment to Blue, including replacement water circulation pads. Scomed dispensed the durable medical equipment to Blue and billed Lackawanna, Blue's Employer's workers' compensation insurance carrier, for two separate dates of service, January 19, 2016, and March 19, 2016. Lackawanna denied Scomed's invoices, stating that chiropractors may not order durable medical equipment. As a result, Scomed filed two applications for fee review with the Bureau. The Bureau's Medical Fee Review Section determined that Scomed was not entitled to any

2

compensation from Lackawanna because the information provided by Scomed was insufficient to overturn Lackawanna's reimbursement decisions. Thereafter, Scomed filed two requests for a hearing to contest the adverse determinations.

The Bureau's Fee Review Hearing Office consolidated the Sanchez and Blue matters and assigned them to a Hearing Officer (Hearing Officer) for review. In support of its denial of payment for Scomed's invoices, Lackawanna presented the expert report of Linda Schmac (Schmac), President of Premier Comp Solutions, a company that "reviews medical bills for its clients and assesses whether the medical provider properly billed the service/procedure, and if so, the amount payable for the provider's service/procedure." (Reproduced Record (R.R.) at 174a.) In her report, Schmac stated: "Premier Comp [Solutions] denied the medical bills submitted by Scomed for [durable medical equipment] prescribed by chiropractors because Medicare and Pennsylvania law do not permit chiropractors to prescribe [durable medical equipment]." (*Id.* at 176a.) In opposition thereto, Scomed presented the affidavit of Robert Scogna (Scogna), who oversees the billing at Scomed. (*Id.* at 180a.) In his affidavit, Scogna indicated, *inter alia*, that: (1) Scomed dispensed the durable medical equipment to Sanchez and Blue; (2) Lackawanna denied Scomed's invoices for the durable medical equipment; (3) Scomed billed Lackawanna, not Medicare, because the invoices were for Sanchez's and Blue's work-related injuries; and (4) the services were billed under the Workers' Compensation Act (Act)[1] and "[n]othing in the [Act] precludes a chiropractor from prescribing [durable medical equipment] or having the insurer pay for it." (*Id.*)

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

3

On April 26, 2017, the Hearing Officer issued two decisions, denying and dismissing Scomed's requests for a hearing to contest the fee review determinations. In so doing, the Hearing Officer determined that Lackawanna had met its burden to prove that it had properly denied payment for Scomed's invoices for the durable medical equipment dispensed to Sanchez and Blue. The Hearing Officer further determined that Dr. Howell and Dr. Pizzimenti are considered providers within the meaning of the Act and as defined in the regulation set forth at 34 Pa. Code § 127.3. The Hearing Officer also determined that there is nothing within the Act or the associated regulations that permits a chiropractor to order durable medical equipment. The Hearing Officer, therefore, concluded that the durable medical equipment dispensed by Scomed to Sanchez and Blue were improperly prescribed by a chiropractor, thereby rendering such durable medical equipment ineligible for reimbursement under the Act.

Scomed petitioned this Court for review. On appeal,[2] Scomed presented one issue for our consideration: whether the Hearing Officer erred in concluding that the durable medical equipment dispensed by Scomed to Sanchez and Blue were not eligible for reimbursement under the Act because they were prescribed by a chiropractor. Before deciding the merits of Scomed's arguments on appeal, however, this Court directed the parties to file supplemental briefs specifically addressing the issue of whether the Bureau's Medical Fee Review Section, and, in turn, the Hearing Officer, had jurisdiction over this matter given that "'[i]n cases in which liability for a particular treatment is at issue, the claimant, not

---

[2] This Court's review of a decision by a hearing officer for the Bureau's Fee Review Hearing Office is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. *Physical Therapy Inst., Inc. v. Bureau of Workers' Comp. Fee Review Hearing Office (Selective Ins. Co. of SC)*, 108 A.3d 957, 959 n.3 (Pa. Cmwlth. 2015).

4

the medical provider, must pursue compensation before a workers' compensation judge in the regular course.'" *Selective Ins. Co. of Am. v. Bureau of Workers' Comp. Fee Review Hearing Office*, 86 A.3d 300, 304 (Pa. Cmwlth.) (quoting *Crozer Chester Med. Ctr. v. Dep't of Labor and Indus., Bureau of Workers' Comp., Health Care Servs. Review Div.*, 22 A.3d 189, 195 (Pa. 2011)), *appeal denied*, 96 A.3d 1030 (Pa. 2014). With respect to this issue, Scomed argues that the Bureau's Medical Fee Review Section and the Hearing Officer had jurisdiction over this matter and, more specifically, may consider whether a chiropractor may prescribe durable medical equipment to a workers' compensation claimant, because this matter involves the amount of the payment to Scomed, not the liability for Sanchez's and Blue's work-related injuries. Scomed argues further that the fee review process is the exclusive remedy that providers have to seek payment for services. To allow insurers to have

> unfettered control to block access to the system for [p]roviders' payments frustrates the purpose of the Act of ameliorating the condition of the injured worker, and will send a definite chilling effect for [p]roviders willing to treat patients injured at work and the injured workers' ability to get treatment for work injuries.

(Scomed's Supp. Br. at 3.)[3] In response, Lackawanna argues that the Bureau's Medical Fee Review Section and the Hearing Officer lacked jurisdiction in this

---

[3] Scomed attempts to distinguish this case from *Selective Insurance* on the basis that in this case, unlike *Selective Insurance*, the parties did not agree that the threshold question was one of liability and there are no penalty or other petitions pending because Sanchez and Blue resolved their workers' compensation claims through compromise and release agreements. While we recognize these distinctions between this case and *Selective Insurance*, we are unpersuaded by Scomed's arguments. It is well settled that this Court may raise the issue of jurisdiction *sua sponte*. *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Surgest)*, 742 A.2d 221, 222 (Pa. Cmwlth. 1999). In addition, the status of the underlying workers' compensation claim and whether there are outstanding petitions pending before a workers'

5

matter because the central issue in this case is whether chiropractors qualify as "providers" under the Act when writing prescriptions for durable medical equipment, which issue is beyond the scope of a fee review proceeding.

This Court has explained that a "fee review is designed to be a 'simple process' with a 'very narrow scope' limited to determining the 'relatively simple matters' of 'amount or timeliness' of payment for medical treatment." *Selective Ins.*, 86 A.3d at 303-04 (quoting *Crozer*, 22 A.3d at 196-97). "[T]he fee review process 'presupposes that liability has been established.' Accordingly, a fee review proceeding is not undertaken to determine liability for a particular treatment." *Id.* at 304 (quoting *Nickel v. Workers' Comp. Appeal Bd. (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008)). "'In cases in which liability for a particular treatment is at issue, the claimant, not the medical provider, must pursue compensation before a workers' compensation judge in the regular course.'" *Id.* (quoting *Crozer*, 22 A.3d at 195). "The fee review process is 'not designed to encompass . . . an inquiry into the insurer's reasons for denying liability.'" *Id.* (alteration in original) (quoting *Crozer*, 22 A.3d at 197 n.8). "A 'specially qualified workers' compensation judge,' not 'non-qualified personnel within the [Bureau],' must make the legal determination of whether a provider is 'entitled to payment at all.'" *Id.* (quoting *Crozer*, 22 A.3d at 198).

Here, the amount that Lackawanna must pay Scomed for the durable medical equipment provided to Sanchez and Blue, or the timeliness of any such payment, is not the issue raised by Scomed. Stated differently, this matter does not simply involve the issue of whether Lackawanna's payment to Scomed was

---

compensation judge should have no effect on whether the Bureau's Medical Fee Review Section and the Hearing Officer have jurisdiction to consider certain issues in the context of a fee review petition.

calculated properly or whether Lackawanna made the payment to Scomed in a timely manner. Rather, the issue is whether Lackawanna is liable at all to Scomed for the durable medical equipment dispensed to Sanchez and Blue. This question is beyond the scope of a fee review proceeding. Liability for payment of the service, not just liability for the underlying work-related injury, must be established before a fee review proceeding can take place. Thus, Sanchez and Blue must file appropriate petitions before a workers' compensation judge to establish Lackawanna's liability for the payment of the durable medical equipment provided by Scomed. Arguably, Scomed can work together with Sanchez and Blue to establish such liability before a workers' compensation judge to ensure that Scomed is paid for its services. For these reasons, we must conclude that the Bureau's Medical Fee Review Section and the Hearing Officer lacked jurisdiction to decide this matter.

Accordingly, we vacate the Bureau's Fee Review Hearing Office's orders and remand the matter to the Bureau's Fee Review Hearing Office with instructions to vacate the fee review determinations made by the Bureau's Medical Fee Review Section for lack of jurisdiction.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scomed Supply,                          :
                 Petitioner    :
                                :
            v.                     :   No. 561 C.D. 2017
                                :
Bureau of Workers' Compensation          :
Fee Review Hearing Office                :
(Lackawanna American Insurance           :
Company),                                :
                Respondent    :

## *O R D E R*

AND NOW, this 24th day of May, 2018, the orders of the Bureau of Workers' Compensation (Bureau) Fee Review Hearing Office are hereby VACATED, and the matter is REMANDED to the Bureau's Fee Review Hearing Office with instructions to vacate for lack of jurisdiction the fee review determinations made by the Bureau's Medical Fee Review Section.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge