700 Pharmacy,                    :
                Petitioner       :
                                     :
           v.                       :    No. 1190 C.D. 2018
                                     :    Submitted: June 28, 2019
Bureau of Workers' Compensation    :
Fee Review Hearing Office            :
(Workers' Compensation Security    :
Fund),                                 :
               Respondent    :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                   HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: September 9, 2019

        700 Pharmacy (Pharmacy) petitions for review of an adjudication of the Bureau of Workers' Compensation, Fee Review Hearing Office (Hearing Office) that dismissed Pharmacy's two fee review applications for the stated reason that the Hearing Office lacked jurisdiction to determine whether Pharmacy was a "provider" under the Pennsylvania Workers' Compensation Act (Act).[1] Pharmacy argues the Hearing Office's adjudication has left it without a forum to challenge the Workers' Compensation Security Fund's (Security Fund)[2] refusal to reimburse it for medications it dispensed to a workers' compensation claimant, and this violates due

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Established under the Workers' Compensation Security Fund Act, Act of July 1, 1937, P.L. 2532, *as amended,* 77 P.S. §§1051-1066, the Security Fund was created "for the purpose of assuring to persons entitled thereto the compensation provided by the Work[ers'] Compensation Law for employments insured in insolvent stock companies; insolvent mutual carriers; insolvent reciprocal exchanges; or the State Work[ers'] Insurance Fund." Section 3 of the Workers' Compensation Security Fund Act, 77 P.S. §1053.

process. Concluding this matter is controlled by our recent decision in *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660 (Pa. Cmwlth. 2019), we reverse and remand.

Elaine Roberts (Claimant) sustained a work injury on September 29, 1989, and receives compensation benefits from the Security Fund. On September 11, 2017, Miteswar Purewal, M.D., prescribed several medications to treat claimant for her work injury. Pharmacy dispensed the medications on September 11, 2017, and January 5, 2018, and submitted two invoices to the Security Fund. The first invoice sought payment of $663.66, and the second sought payment of $619.73. The Security Fund denied payment of the invoices for the stated reason that Dr. Purewal has a 12.25% ownership interest in Pharmacy, in violation of Section 306(f.1)(3)(iii) of the Act.[3] Pharmacy filed two fee review applications with the Bureau's Medical Fee Review Section, which referred them to the Hearing Office for an adjudication.

On April 4, 2018, the hearing began. The Security Fund stated that Pharmacy's fee applications should be dismissed because Pharmacy was not a

---

[3] Section 306(f.1)(3)(iii) of the Act provides:

> Notwithstanding any other provision of law, *it is unlawful for a provider to refer a person for laboratory, physical therapy, rehabilitation, chiropractic, radiation oncology, psychometric, home infusion therapy or diagnostic imaging, goods or services pursuant to this section if the provider has a financial interest with the person or in the entity that receives the referral*. It is unlawful for a provider to enter into an arrangement or scheme such as a cross-referral arrangement, which the provider knows or should know has a principal purpose of assuring referrals by the provider to a particular entity which, if the provider directly made referrals to such entity, would be in violation of this section. No claim for payment shall be presented by an entity to any individual, third-party payer or other entity for a service furnished pursuant to a referral prohibited under this section.

77 P.S. §531(3)(iii) (emphasis added).

2

"provider" within the meaning of the Act.[4] Section 109 of the Act defines a "[h]ealth care provider" as follows:

> [A]ny person, corporation, facility or institution licensed or otherwise authorized by the Commonwealth to provide health care services, including, but not limited to, any physician, coordinated care organization, hospital, health care facility, dentist, nurse, optometrist, podiatrist, physical therapist, psychologist, chiropractor or pharmacist and an officer, employe or agent of such person acting in the course and scope of employment or agency related to health care services.

77 P.S. §29. The Security Fund asserted Pharmacy was not a provider, but, rather, was "a front, along with a chain of other similar shell companies, for a separate company known as Inductions Works[.]" Security Fund's Brief at 6.

The Hearing Office ordered briefs on the issue of jurisdiction. On August 8, 2018, relying on this Court's decision in *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300 (Pa. Cmwlth. 2014), the Hearing Office held that a Workers' Compensation Judge must decide whether Pharmacy is a "provider" as defined by the Act. Accordingly, the Hearing Office dismissed the fee review applications as premature.

Pharmacy petitioned for this Court's review.[5] On appeal, Pharmacy argues that it will not receive a hearing on the Security Fund's refusal to pay for

---

[4] Section 306(f.1)(1)(i) of the Act requires an employer to pay for "reasonable surgical and medical services, services rendered by physicians or other health care providers ... medicines and supplies, as and when needed." 77 P.S. §531(1)(i). Section 306(f.1)(5) of the Act allows a "provider who ... disputes the amount or timeliness of [a] payment from the employer or insurer" to file an application for fee review. 77 P.S. §531(5).

[5] This Court's review of a decision by the Hearing Office determines whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated,

3

Claimant's treatment unless Claimant agrees to pursue litigation. Pharmacy argues that a procedure that requires a litigant to obtain a third party's permission to protect its property rights violates due process.[6]

In *Armour Pharmacy*, 206 A.3d at 664, the Hearing Office dismissed the employer's challenge to a fee determination for the stated reason that the Hearing Office lacked jurisdiction to decide whether Armour Pharmacy was a provider within the meaning of the Act. This Court reversed, holding that the Hearing Office has jurisdiction to determine the threshold question of whether an entity is a "provider" under the Act. *Id.* at 671. Accordingly, this Court reversed the Hearing Office's dismissal of Armour Pharmacy's fee application.

*Armour Pharmacy* is dispositive. Accordingly, as in *Armour Pharmacy*, we reverse the Hearing Office's adjudication and remand for a determination of whether Pharmacy is a "provider" within the meaning of Section 109 of the Act, 77 P.S. §29.[7]

_____
MARY HANNAH LEAVITT, President Judge

---

and whether the Hearing Office committed an error of law. 2 Pa. C.S. §704; *Walsh v. Bureau of Workers' Compensation Fee Review Hearing Office (Traveler's Insurance Co.)*, 67 A.3d 117, 120 n.5 (Pa. Cmwlth. 2013). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo. Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[6] The Due Process Clause of the Fourteenth Amendment states as follows:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, §1. The Pennsylvania Constitution also provides this protection. PA. CONST. art. I, §9.

[7] If the Hearing Office finds Pharmacy is a provider, the outstanding issue regarding whether improper self-referral occurred must then be addressed.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

700 Pharmacy,                        :
                    Petitioner       :
                                     :
        v.                           :   No. 1190 C.D. 2018
                                     :
Bureau of Workers' Compensation      :
Fee Review Hearing Office            :
(Workers' Compensation Security      :
Fund),                               :
                    Respondent       :

## **O R D E R**

AND NOW, this 9th day of September, 2019, the order of the Bureau of Workers' Compensation Fee Review Hearing Office, dated August 8, 2018, is hereby REVERSED and this matter is REMANDED for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge