**John Erik GREVER, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 11, 2009.

Decided Feb. 16, 2010.

---

D. Pamela Gaines, Philadelphia, for petitioner.

Randall S. Brandes, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and BUTLER, Judge and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

John Erik Grever (Claimant) petitions for review of the order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] The Board has filed a motion to strike the extra-record documents attached to Claimant's petition for review before our court and included in Claimant's reproduced record. We grant the Board's motion and affirm.

The Claimant was employed by Firestone Tire & Service (Employer) as a lead technician from May 18, 1998 through October 1, 2008. He was paid a flat rate of twenty ($20.00) dollars per hour. The referee made the following findings of fact which were adopted by the Board:

2. The employer has a policy which prohibits theft of Company goods or services.

3. The claimant was, or should have been, aware of the aforestated employer policy.

4. On October 1, 2008, after the store manager left for the day, the claimant pulled his personal vehicle into an employer bay.

5. The claimant then placed employer merchandise, consisting of two gallons of oil, into the truck (sic) of his vehicle.

6. A co-worker who observed the claimant place the two gallons of oil into his truck asked the claimant if he had paid for it.

7. In response, the claimant said "No".

8. The claimant's co-worker then asked the claimant to put the oil back because he was uncomfortable with the claimant's attempt to steal the oil.

9. The claimant took the oil out of his truck and left the oil at the employers premises and then left for the day.

10. When subsequently questioned by the store manager about the incident, the claimant told the store manager that he had received permission from a supervisor to take the oil without paying for it.

11. The claimant had not received permission from a supervisor to take the oil without paying for it.

12. Therefore, on October 1, 2008 the claimant was discharged for attempted theft.

Referee Decision, December 16, 2008, Findings of Fact Nos. 2–12, at 1–2. The Referee concluded that:

[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work…."

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) states that "[a]n employe shall be ineligible for compensation for any week …

Based upon the credible evidence presented at the fact finding hearing the Referee believes that on October 1, 2008 the claimant committed an act of attempted theft of employer merchandise. The Commonwealth Court has consistently held that there is no good cause justification for theft, or attempted theft, of employer merchandise.

That being the case, the Referee is constrained to decide that the employer has met its burden of proving that the claimant committed willful misconduct, thereby rendering himself ineligible for benefits under Section 402(e) of the Law.

Referee Decision, at 2.[2] Claimant appealed to the Board.[3] The Board adopted the referee's findings and conclusions, found Claimant's testimony that he was discharged in retaliation for making complaints not credible and found the testimony of Employer's witnesses credible. The Board affirmed the decision of the referee. Claimant now petitions our court for review.[4]

Claimant contends that the Board erred in affirming the referee when Claimant proved on appeal through the judicial notice and judicial admissions doctrine that Employer and Employer's witnesses were untruthful about essential material facts before the referee. Claimant requests that we take judicial notice of Claimant's extra-record evidence and, based upon that evidence, reverse the Board's order denying Claimant benefits pursuant to Section 402(e) of the Law.

■ First, we must address the Board's motion to strike the extra-record documents attached to Claimant's petition for review before our court and included in Claimant's reproduced record. The documents the Board seeks to strike are the same documents that Claimant requests we take judicial notice of in our review.

■ We note that this court, when reviewing matters in its appellate capacity, is bound by the facts certified in the record on appeal. *Cambria County Mental Health/Mental Retardation v. State Civil Service Commission*, 756 A.2d 103, 106 (Pa.Cmwlth.2000). Issues not raised at the earliest possible time during a proceeding are waived. *Dehus v. Unemployment Compensation Board of Review*, 118 Pa.Cmwlth. 344, 545 A.2d 434 (1988). Issues not raised in the petition for review before this court but raised in the petitioner's brief are also waived. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991). A court "may take judicial notice of filings or developments in related proceedings which take place after the judgment appealed from." *See Werner v. Werner*, 267 F.3d 288, 295 (3d Cir.2001).

In the present controversy, the referee's hearing was held on November 28, 2008. The referee issued his decision on December 16, 2008. Claimant appealed such de-

2. The referee also noted that Claimant attempted to raise the issue of an alternate reason for his termination, but that Claimant failed to present competent evidence to establish such reason.

3. Subsequent to the Referee's hearing, Claimant commenced an action before the Pennsylvania Human Relations Commission (PHRC), to which, Employer filed a responsive pleading. The Board was never presented any documents from the PHRC action and did not receive a request from Claimant for reconsideration or any similar request based upon any newly discovered evidence.

4. Our review in this matter is limited to a determination of whether constitutional rights have been violated, errors of law committed, or whether essential findings of fact are supported by substantial evidence. *Brady v. Unemployment Compensation Board of Review*, 118 Pa.Cmwlth. 68, 544 A.2d 1085 (1988).

cision on December 29, 2008. Employer served Claimant with its answer to the Claimant's PHRC complaint on January 30, 2009. Employer's answer to Claimant's PHRC complaint is the document of which Claimant would like this court to take judicial notice. Claimant's appeal to the Board was pending at the time the PHRC answer was served on Claimant. Claimant did not file a request for reconsideration asking the Board to accept the newly discovered evidence. Thus, Claimant failed to give the Board the opportunity to determine if it would have been appropriate for it to consider the documents. On April 21, 2009, the Board affirmed the referee. Claimant, at that point, had 15 days to file a request for reconsideration on the basis of newly discovered evidence. Claimant did not file such request. On May 20, 2009, Claimant petitioned this court for review and attached, for the first time, the PHRC documents and also included the documents in the reproduced record. Claimant did not ask this court to take judicial notice of such documents in its petition for review.

In *Krenzel v. Southeastern Pennsylvania Transportation Authority*, 840 A.2d 450, 454 (Pa.Cmwlth.2003), this court did not take judicial notice of the requested pleadings because the records were not part of the proceedings below, pursuant to Pa. R.A.P. 1921.[5] Our Supreme Court in *Schulz Estate*, 392 Pa. 117, 123, 139 A.2d 560, 563 (1958), stated that it could have taken judicial notice of records from other courts, however, such records had been admitted into evidence, so they were already before the court. In the present controversy, the Claimant, although able to, failed to present the documents prior to the Board issuing its decision. Allowing Claimant to present the documents now would usurp the Board's role as the fact-finder and arbiter of credibility. Thus, judicial notice will not be taken of records which were available to Claimant prior to but presented after the Board's decision was issued.

As the pleadings in this case were filed prior to the Board's order from which Claimant now appeals, we are constrained to find that the extra-record documents may not be admitted before this court. We further note that we are bound by the facts certified in the record and that Claimant did not raise this issue at the earliest possible time and also failed to raise it in his petition for review before this court. *See Cambria County Mental Health/Mental Retardation; Dehus;* and *Tyler.* Accordingly, we must grant the Board's motion to strike the extra-record documents attached to Claimant's petition for review before our court and included in Claimant's reproduced record.

Because Claimant does not challenge the Board's order on the basis of its adopted findings of fact, but relies solely on the extra-record documents in challenging the Board's order, we must affirm the order of the Board.

## ORDER

AND NOW, this 16th day of February, 2010, the Unemployment Compensation Board of Review's motion to strike the extra-record documents attached to John Erik Grever's petition for review before our court and included in John Erik Grever's reproduced record is granted. Further, the order of the Unemployment

---

5. Pa. R.A.P. 1921 provides that "[t]he original papers and exhibits filed in the lower court, hard copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases."

Compensation Board of Review in the above-captioned matter is affirmed.