# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zurich American Insurance Company,   :
                                 :
           Petitioner           :
                                 :
          v.               :
                           : No. 72 C.D. 2015
Bureau of Workers' Compensation   : Submitted: July 24, 2015
Fee Review Hearing Office   :
(Lehigh Valley Hospital),   :
                               :
          Respondent       :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
              HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED: October 1, 2015**


This matter is a petition for review filed by Zurich American Insurance Co. (Zurich) appealing a fee review decision of a Bureau of Workers' Compensation (Bureau) fee review hearing officer (Hearing Officer) ordering Zurich to pay Lehigh Valley Hospital (Hospital) $1,104,275.37 for trauma care for an employee of Zurich's insured. For the reasons that follow, we vacate the Hearing Officer's order.

On May 11, 2012, Carl Manfredi (Claimant), an employee of A&C Flooring & Carpeting, Inc. (Employer), suffered serious and life-threatening injuries in an automobile accident. (Hearing Officer Decision Findings of Fact (F.F.) ¶¶5-6; Hospital Ex. 1, Supplemental Reproduced Record (Supp. R.R.) at

79b-81b.)  Claimant was transported to Hospital and was treated there from May 11, 2012 to July 20, 2012.  (Hearing Officer Decision F.F. ¶¶5, 8; Hospital Ex. 1, Supp. R.R. at 82b-84b.)  The charges for this hospitalization totaled $1,104,275.37.  (Hearing Officer Decision F.F. ¶9; Hospital Ex. 1, Supp. R.R. at 84b.)

On July 16, 2012, Zurich, Employer's workers' compensation insurer, issued a Notice of Temporary Compensation Payable (NTCP) with respect to Claimant's accident.  (Hospital Ex. 1, Supp. R.R. at 79b-81b.)  Zurich did not withdraw the NTCP within the time limits permitted under the Workers' Compensation Act (Act)[1] and it therefore converted to a Notice of Compensation Payable (NCP) under Section 406.1(b) of the Act.[2]  (Insurer Ex. A 12/10/12 Review Petition Hearing Transcript (Review Petition H.T.) at 5, Reproduced Record (R.R.) at 7a.)  Zurich, however, filed a petition to review compensation benefits on September 28, 2012 seeking to set aside that NCP on the ground that the accident was not work-related and that it had issued the NTCP and allowed it to convert to an NCP based on fraudulent misrepresentations by Claimant and Employer.  (5/21/14 Fee Review Hearing Transcript (Fee Review H.T.) at 54, Supp. R.R. at 54b; Insurer Ex. A Petition to Review Compensation Benefits, R.R. at 1a-2a; Insurer Ex. A 12/10/12 Review Petition H.T. at 5-10, R.R. at 7a-12a.)  Zurich's petition to review compensation benefits was pending before a Workers' Compensation Judge (WCJ) and had not been ruled upon at the time of the hearing and decision on the instant fee review application.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] Added by the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 717.1(6).

On July 26, 2012, Hospital submitted its bill in the amount of $1,104,275.37 to Zurich. (Hospital Ex. 1, Supp. R.R. at 82b-87b; 5/21/14 Fee Review H.T. at 12-14, Supp. R.R. at 12b-14b.) In August 2012, Zurich filed a utilization review request with respect to two of the physicians who treated Claimant during his hospitalization. (5/21/14 Fee Review H.T. at 54-55, Supp. R.R. at 54b-55b; Hospital Ex. 1, Supp. R.R. at 93b-95b.) Hospital filed an application for fee review on September 19, 2012, seeking payment of its bill, but the Bureau ruled that the application was premature because of Zurich's pending utilization review request. (Hearing Officer Decision F.F. ¶¶12-13; 5/21/14 Fee Review H.T. at 14-16, 34, Supp. R.R. at 14b-16b, 34b; Hospital Ex. 1, Supp. R.R. at 88b-89b, 90b.) On November 13, 2012, the Bureau issued its utilization review determinations. (5/21/14 Fee Review H.T. at 55, Supp. R.R. at 55b; Hospital Ex. 1, Supp. R.R. at 96b-97b.) On January 3, 2013, Zurich advised Hospital of the utilization review determinations and told Hospital that it would not pay Hospital's bill. (5/21/14 Fee Review H.T. at 57-59, 67, Supp. R.R. at 57b-59b, 67b; Hospital Ex. 1, Supp. R.R. at 106b-107b.)

On February 4, 2013, Hospital filed the instant fee review petition. (Hospital Ex. 1, Supp. R.R. at 108b-112b; Hearing Officer Decision Conclusion of Law ¶10.) The Bureau returned the fee review application as incomplete on February 6, 2013, because it was printed on two pieces of paper rather than on two sides of a single sheet of paper, and Hospital refiled the fee review application in compliance with that requirement on February 7, 2013. (Hospital Ex. 1, Supp. R.R. at 113b-114b, 115b-118b.) The Bureau issued an administrative decision denying the fee review application as untimely based on the Hospital's billing date of July 26, 2012, without noting the date of the utilization review determinations,

3

Zurich's January 3, 2013 notification that it would not pay Hospital's bill, or the Hospital's September 21, 2012 fee review application that was dismissed as premature due to pending utilization review requests. (Insurer Ex. A, R.R. at 18a-25a.) Hospital timely requested a *de novo* hearing to contest this decision.

Zurich opposed the fee review application both on timeliness grounds and on the merits, based on the result of the utilization review determination concerning one of the physicians. (5/21/14 Fee Review H.T. at 59-60, Supp. R.R. at 59b-60b.) In addition, Zurich argued that the Hearing Officer lacked jurisdiction to rule on the fee review application because its petition to review compensation benefits disputed that Claimant's accident was work-related, and requested that the Hearing Officer hold the fee review in abeyance until the petition to review compensation benefits was litigated to conclusion. (*Id.* at 7-8, Supp. R.R. at 7b-8b.) The Hearing Officer denied this motion. (*Id.* at 8-10, 25-26, Supp. R.R. at 8b-10b, 25b-26b.)

On December 24, 2014, following an evidentiary hearing, the Hearing Officer issued a determination finding that the fee review application was timely filed and rejecting Zurich's argument that the utilization review determination justified its refusal to pay Hospital's bill. The Hearing Officer did not rule on the issue of whether the accident for which Hospital provided treatment was work-related, but "assume[d] liability … has been adjudicated in petition litigation before a workers' compensation judge, and appeals have been exhausted in that litigation," and ordered that Zurich pay Hospital $1,104,275.37 plus statutory interest of 10% per year. (Hearing Officer Decision F.F. ¶4 & Order.) This appeal

4

followed.[3]　　On April 1, 2015, the Court granted Zurich's application for supersedeas staying its obligation to pay Hospital pending this Court's disposition of this appeal.

On August 5, 2015, the WCJ granted Zurich's petition to review compensation benefits. (8/5/15 WCJ Decision.)[4] In this decision, the WCJ found that Claimant's accident did not occur in the course of his employment and that Claimant and Employer, which is owned by members of Claimant's family, colluded to provide Zurich with false information to cause Zurich to accept the accident as compensable. (*Id.* F.F. ¶¶2, 4-9, 16, 20-25, 29-31, Conclusion of Law (C.L.) ¶2.) The WCJ set aside the NCP, holding that it was "void ab initio" and that Zurich "is not obligated to pay Claimant's medical bills that are still outstanding," and dismissed a penalty petition that Claimant had filed relating to Zurich's failure to pay medical bills. (*Id.* C.L. ¶¶3-6 and Order.) On August 21, 2015, Claimant filed a timely appeal to the Workers' Compensation Appeal Board (Board) in which he has challenged not only the findings that the accident was not work-related and that Zurich was given false information, but also the ruling that

---

[3] This Court's review of a fee review decision is limited to considering whether necessary factual findings are supported by substantial evidence, whether the hearing officer erred as a matter of law, and whether any constitutional rights were violated. *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300, 302 n.4 (Pa. Cmwlth. 2014).

[4] By Order dated August 27, 2015, this Court granted Zurich's application to place the 8/5/15 WCJ Decision before the Court in this appeal. This Court may properly take judicial notice of both the WCJ's decision in that related matter and Claimant's appeal of that decision, submitted by Hospital in its response to Zurich's application. *Grever v. Unemployment Compensation Board of Review*, 989 A.2d 400, 402 (Pa. Cmwlth. 2010); *C.J. v. Department of Public Welfare*, 960 A.2d 494, 497 n.8 (Pa. Cmwlth. 2008); *Lycoming County v. Pennsylvania Labor Relations Board*, 943 A.2d 333, 335 n.8 (Pa. Cmwlth. 2007).

the setting aside of the NCP voids liability for Claimant's past medical bills and the dismissal of his penalty petition. (Claimant Appeal to Board at 1, 3.)

In this appeal, Zurich argues that the Hearing Officer lacked jurisdiction to render a fee review decision because its petition to review compensation benefits disputed that the accident was work-related.[5] We agree.

A fee review hearing officer cannot decide whether an injury is compensable. *Crozer Chester Medical Center v. Department of Labor & Industry,*

---

[5] Zurich also argues in this appeal that Hospital's application for fee review was time-barred. In light of our ruling that the fee review application was premature, the time for filing the application has not yet begun to run and it therefore cannot be time-barred. In addition, the fee review application was timely filed in any event. A health care provider's fee review application is timely if it is filed within 30 days of notification by the insurer that it disputes the provider's bill or within 90 days of the provider's original bill for the treatment, whichever is later. Section 306(f.1)(5) of the Act, 77 P.S. § 531(5); 34 Pa. Code § 127.252(a); *Roman Catholic Diocese of Allentown v. Bureau of Workers' Compensation, Fee Review Hearing Office (Lehigh Valley Health Network)*, 33 A.3d 691, 697 (Pa. Cmwlth. 2011); *Fidelity & Guaranty Insurance Co. v. Bureau of Workers' Compensation (Community Medical Center)*, 13 A.3d 534, 538-40 (Pa. Cmwlth. 2010).

Hospital's fee review application was filed within the 30 days following Zurich's January 3, 2013 notification that it would not pay the bill. 34 Pa. Code § 127.2; 34 Pa. Code § 121.3a; 34 Pa. Code § 121.3(c). The fact that the Bureau returned the fee review application does not change this. The Bureau's regulations provide that "[f]or a form returned for the first time, the Bureau will preserve the filing date if the submitting party files a corrected version of the form within 14 days of the written notice of the return of the form," 34 Pa. Code § 121.3(b), and Hospital refiled a corrected version of its fee review application within three days. Section 121.3 is included in the General Provisions Chapter of the Bureau's regulations and by its terms applies to all Bureau filings, including fee review applications.

Moreover, Hospital's fee review application was also timely under the alternative 90-day deadline, even if its filing date was not preserved. Hospital filed a fee review application with respect to Zurich's failure to pay its bill on September 19, 2012, less than 90 days after it originally billed Zurich on July 26, 2012. (Hospital Ex. 1, Supp. R.R. at 88b-89b.) The Bureau, however, ruled that fee review was premature because Zurichs suspended its obligation to pay Hospital until determinations were issued on its utilization review requests. (*Id.*, Supp. R.R. at 90b.) Where an insurer's obligation to pay is suspended by a pending utilization request, the 90-day period from the billing date is tolled and does not begin to run until a determination is issued finding the treatment reasonable and necessary. 77 P.S. § 531(5); 34 Pa. Code § 127.252(d). The 90-day period therefore did not begin to run until November 13, 2012, when the utilization review determinations were issued and did not expire until February 11, 2013, after the Bureau accepted Hospital's fee review application.

6

*Bureau of Workers' Compensation, Health Care Services Review Division*, 22 A.3d 189, 196 (Pa. 2011); *Catholic Health Initiatives v. Heath Family Chiropractic*, 720 A.2d 509, 511 (Pa. Cmwlth. 1998). The fee review process has a "very narrow scope," limited to determining the "amount or timeliness" of payment for medical treatment that the insurer accepts as compensable. *Crozer Chester Medical Center*, 22 A.3d at 195-97; *Selective Insurance Company of America v. Bureau of Workers' Compensation Fee Review Hearing Office (The Physical Therapy Institute)*, 86 A.3d 300, 303-04 (Pa. Cmwlth. 2014) (quoting *Crozer Chester Medical Center*). Whether an insurer is liable for the claimant's injury or for the treatment in question is outside the scope of the fee review process and must be determined by a WCJ, not by the Bureau or a fee review hearing officer. *Crozer Chester Medical Center*, 22 A.3d at 196-98; *Selective Insurance Company of America*, 86 A.3d at 303-05. Therefore, where there are factual or legal issues in dispute concerning the insurer's liability for medical treatment, the Bureau and its fee hearing officers lack jurisdiction to consider a fee review petition for that treatment and any order of the Bureau or a fee hearing officer directing payment for the treatment must be vacated. 34 Pa. Code § 127.255(1); *Crozer Chester Medical Center*, 22 A.3d at 196-98; *Selective Insurance Company of America*, 86 A.3d at 305-06.

Here, liability was in dispute. Zurich asserted that the accident for which Hospital rendered treatment did not occur in the course of Claimant's employment and had filed a petition to review compensation benefits seeking to set aside its NCP on the ground that Claimant and Employer had fraudulently misrepresented that the accident was work-related. An NCP may be set aside on a showing of fraud. *Crozer Chester Medical Center*, 22 A.3d at 195; *Waugh v.*

*Workmen's Compensation Appeal Board (Blue Grass Steel)*, 737 A.2d 733, 737–38 (Pa. 1999). The fact that the petition to review compensation benefits had not been ruled upon at the time of the fee review proceeding does not make the liability issue uncontested. *Crozer Chester Medical Center*, 22 A.3d at 196-97 (fee review proceeding was premature despite fact that NCP was in effect).

Hospital argues that Zurich's liability for its bill could not be in dispute because the revocation of an NTCP or setting aside of an NCP does not relieve the employer of liability for payment for past medical services. Contrary to Hospital's contention, however, our case law does not make the setting aside of an NCP for fraud irrelevant to liability for medical treatment. The decisions of this Court requiring payment of medical bills for treatment while an NCP or NTCP is in effect involved changes to the extent of injury and disability from a work-related accident or challenges to the reasonableness of medical treatment, not disputes as to whether the accident for which the treatment was rendered was work-related at all, and there was no finding that issuance of the NCP or NTCP in those cases was induced by fraudulent representations. *See Young v. Workers' Compensation Appeal Board (Am-Gard)*, 816 A.2d 1236, 1245-46 (Pa. Cmwlth. 2003) (ordering employer to pay past medical bills despite later ruling modifying description of work-related injury); *Gereyes v. Workers' Compensation Appeal Board (New Knight, Inc.)*, 793 A.2d 1017, 1021 (Pa. Cmwlth. 2002) (unilateral reduction in benefits under NTCP before issuing a notice stopping temporary compensation and notice of claim denial on the ground that employee was not disabled by the work injury); *Loose v. Workmen's Compensation Appeal Board (John H. Smith Arco Station)*, 601 A.2d 491, 493-94 (Pa. Cmwlth. 1991) (unilateral failure to pay bill for post-NCP hospitalization incurred before employer obtained termination of

8

benefits on the ground that employee was no longer disabled). In contrast, the rule that an employer or insurer cannot refuse to pay for past medical treatment while an NTCP or NCP is in effect does not apply where it is determined that the medical treatment was not for a work-related accident. *Kuemmerle v. Workers' Compensation Appeal Board (Acme Markets, Inc.)*, 742 A.2d 229, 231-32 (Pa. Cmwlth. 1999); *Green v. Workmen's Compensation Appeal Board (Association for Retarded Citizens)*, 670 A.2d 1216, 1221-22 (Pa. Cmwlth. 1996); *Mulholland v. Workmen's Compensation Appeal Board (Bechtel Construction)*, 669 A.2d 465, 468-69 (Pa. Cmwlth. 1995); *Buchanan v. Workmen's Compensation Appeal Board (Mifflin County School District)*, 648 A.2d 99, 102 (Pa. Cmwlth. 1994). Here, Zurich's claim that it is not liable for Hospital's bill is based on the grounds that Hospital's medical treatment was not for a work-related accident.

Moreover, although Hospital's bill was sent to Zurich while the NTCP was in effect, its treatment of Claimant was begun before any NTCP or NCP was in effect and the bulk of the over $1 million that it sought in the fee review proceeding was for treatment rendered before any NTCP or NCP was in effect. Claimant was admitted to Hospital on May 11, 2012 and treated there from that date until July 20, 2012. (Hearing Officer Decision F.F. ¶¶5, 8; Hospital Ex. 1, Supp. R.R. at 82b-84b.) Zurich's NTCP was not issued until July 16, 2012, over two months after Hospital began treating Claimant and only four days before Claimant was discharged from Hospital. (Hospital Ex. 1, Supp. R.R. at 79b-81b.) Whether an acceptance of a work injury bars an employer or insurer from contesting liability to a provider for medical treatment is a claim of estoppel. *Crozer Chester Medical Center*, 22 A.3d at 197. Estoppel requires proof that the party asserting estoppel relied on conduct of the party to be estopped.

9

*Westinghouse Electric Corp./CBS v. Workers' Compensation Appeal Board (Korach)*, 883 A.2d 579, 586 (Pa. 2005); *Peluso v. Kistner*, 970 A.2d 530, 533 (Pa. Cmwlth. 2009). There does not appear to be any basis for a claim that Hospital relied on Zurich's NTCP in providing the treatment at issue here.[6]

There being no clear case law that precludes Zurich from contesting liability for Hospital's bill, the effect of the setting aside of Zurich's NCP is a liability dispute that must be resolved in the proceeding on the petition to review compensation benefits, not in this appeal from a fee review decision. *Crozer Chester Medical Center*, 22 A.3d at 197 (whether NCP barred insurer from refusing to pay for medical treatment is a liability dispute that cannot be resolved in fee review proceeding). Indeed, that issue was addressed and decided by the WCJ in his ruling on the petition to review compensation benefits and is before the Board in Claimant's appeal from the decision. (8/5/15 WCJ Decision C.L. ¶¶5-6 and Order; Claimant Appeal to Board at 3.) Any ruling by this Court on whether Zurich is liable for Hospital's bill must be sought in an appeal in that proceeding, where the correctness of the WCJ's decision and the record on which the WCJ made his decision will be before the Court.

---

[6] Contrary to Hospital's contention, this Court's unreported decision in *Braithwaite v. Workers' Compensation Appeal Board (D. Powell, Inc.)*, (Pa. Cmwlth. No. 1301 C.D. 2011, filed Dec. 9, 2011), 2011 WL 10844969, does not hold that liability for past medical bills cannot be contested on the basis that an NCP or NTCP was obtained by fraud. The penalty ruling in *Braithwaite* was not appealed to this Court and the issue of whether an insurer is required to pay medical bills for a non-work-related accident was not addressed by the Court. Moreover, issuance of the NTCP in *Braithwaite* was not induced by fraud; the misleading conduct by the claimant occurred after the NTCP was issued. Slip op. at 2, 2011 WL 10844969 at *1. In addition, it is not clear from the opinions in *Braithwaite* that any of the unpaid medical bills were for treatment rendered when no NCP or NTCP was in effect.

Because liability was in dispute, the Hearing Officer lacked jurisdiction to order Zurich to pay Hospital's bill. Accordingly, we vacate the Hearing Officer's order in this matter.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zurich American Insurance Company,    :
                                        :
           Petitioner             :
                                          :
          v.                      :
                                        :   No. 72 C.D. 2015
Bureau of Workers' Compensation    :
Fee Review Hearing Office           :
(Lehigh Valley Hospital),             :
                                          :
          Respondent        :

# O R D E R

AND NOW, this 1st day of October, 2015, the December 24, 2014 order of the Bureau of Workers' Compensation Fee Review Hearing Officer in the above matter is VACATED for lack of jurisdiction.

_____
JAMES GARDNER COLINS, Senior Judge