# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Grimm,                                    :
                                                 :
                    Petitioner                   :
                                                 :
          v.                                     : No. 2265 C.D. 2014
                                                 : Submitted: July 10, 2015
Unemployment Compensation                        :
Board of Review,                                 :
                                                 :
                    Respondent                   :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  October 28, 2015**


          Joshua Grimm (Claimant) petitions for review of an order of the

Unemployment Compensation Board of Review (Board), which (i) held that he is

ineligible for unemployment compensation benefits under Section 402(b) of the

Unemployment Compensation Law (Law),[1] 43 P.S. § 802(b); (ii) established a

fault overpayment in the amount of $5,025 subject to repayment under Section

804(a) of the Law, 43 P.S. § 874(a); and (iii) assessed 17 penalty weeks under

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–914.

Section 801(b) of the Law, 43 P.S. § 871(b). For the reasons that follow, we affirm.

Following Claimant's separation from employment with TriState Biofuels (Employer) in February 2014, Claimant filed for unemployment compensation benefits beginning with the week ending February 15, 2014 and continued receiving benefits through the week ending July 5, 2014. (Record Item (R. Item) 1, Claim Record.) On July 21, 2014, after receiving information from Employer indicating that Claimant was temporarily laid off for four weeks and failed to report back to work as expected, the Unemployment Compensation Service Center (Service Center) issued a notice of determination finding Claimant ineligible for benefits beginning with the week ending March 8, 2014. (R. Item 6, Notices of Determination.) The Service Center based its determination on Section 402(b) and Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1), finding that Claimant voluntarily terminated his employment with Employer without a necessitous and compelling reason and had failed to provide information to substantiate that he was able and available for suitable employment. (*Id*.) In addition, the Service Center issued two other notices establishing a fault overpayment of $5,695 under Section 804(a) and imposing 19 penalty weeks under Section 801(b). (*Id*.)

Claimant appealed the Service Center's determination, and a notice was issued to the parties on August 8, 2014 indicating that a hearing would be conducted before a referee on August 22, 2014. (R. Item 7, Petition for Appeal; R. Item 9, Notice of Hearing.) Claimant did not appear at the hearing; the record reflects a record of two telephone calls on August 18 and August 22, 2014 in which he requested a continuance but would not state why a continuance was

2

necessary. (R. Item 10, Report of Aug. 18, 2014 Telephone Call; R. Item 11, Report of Aug. 22, 2014 Telephone Call.) At the hearing, the referee stated for the record that he had denied Claimant's request for a continuance because Claimant would not give a reason for his request. (R. Item 12, Notes of Testimony (N.T.) at 1.) Norman Thomson, the owner and president of Employer, testified that he and Claimant had agreed to a temporary layoff from February 14, 2014 to March 14, 2014 and that Claimant did not return to work on March 17, 2014 as expected. (*Id.* at 4-5.)

Following the hearing, the referee issued a decision and order reversing the determinations of the Service Center. (R. Item 13, Referee Decision.) The referee found that Claimant had not been called back to work at the same time as other employees on March 17, 2014 and analyzed the case under Section 402(e) of the Law, 43 P.S. § 802(e).[2] (R. Item 13, Referee Decision, Findings of Fact (F.F.) ¶¶4-5, Reasoning at 2.) The referee determined that Claimant was not ineligible for benefits under Section 402(e) because Employer had not shown that Claimant had engaged in willful misconduct leading to his discharge. (R. Item 13, Referee Decision, Reasoning at 2.) The referee further concluded that Claimant was not ineligible pursuant to Section 401(d)(1) because there is a presumption that claimants are able and available for suitable work when filing their initial claim for benefits and Employer had not presented evidence to show otherwise. (*Id.*) Because the referee found that Claimant was entitled to

---

[2] Section 402(e) provides that an employee "shall be ineligible for compensation for any week...[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work." 43 P.S. § 802(e).

receive unemployment compensation benefits, the referee also reversed the fault overpayment and penalty weeks. (R. Item 13, Referee Decision, Reasoning at 3.)

Employer appealed to the Board, which affirmed in part and reversed in part. (R. Item 15, Board Decision.) The Board found that Claimant had been laid off from February 14 to March 14, 2014 and that he did not return to work as expected on March 17, 2014 or contact Employer. (R. Item 15, Board Decision, F.F. ¶¶2-4.) The Board concluded that for the weeks ending March 8 and March 15, 2014 – the period prior to Claimant's recall – Claimant was involuntarily unemployed and there was no evidence offered that the layoff was a result of willful misconduct; the Board thus concluded that Claimant was not ineligible for this period under Section 402(e). (R. Item 15, Board Decision, Reasoning at 2, Conclusion of Law.) For the period after Claimant's recall, the Board determined that Claimant had voluntarily left employment by not returning as requested and did not appear at the hearing to offer evidence of a necessitous and compelling reason for not reporting. (R. Item 15, Board Decision, Reasoning at 2.) The Board thus concluded that Claimant was ineligible for the claim weeks beginning with March 22, 2014 under Section 402(b).[3] (R. Item 15, Board Decision, Reasoning at 2, Conclusion of Law.) The Board also assessed a fault overpayment in the amount of $5,025 and assessed 17 penalty weeks because Claimant knowingly withheld the fact that he had been recalled to work on March 17, 2014 and failed to report this information to the Department of Labor and Industry (Department). (R.

---

[3] Section 402(b) provides that an employee "shall be ineligible for compensation for any week...[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

4

Item 15, Board Decision, Reasoning at 3, Conclusion of Law.) Claimant filed a timely appeal of the Board's order to this Court.[4]

On appeal, Claimant challenges the Board's findings that he was recalled after a one-month layoff. Claimant asserts that when Thomson initially approached him about the layoff he offered to return after one month but Thomson did not accept this offer. Claimant argues that instead, Thomson told him that it would be in his best interest to get another job that required a commercial driver's license (CDL) since Claimant intended to enroll in a CDL course following the layoff. Claimant asserts that the only agreement he had with Thomson was Thomson's promise to give Claimant a reference to work as a driver with another company after he received his CDL and that Employer never contacted him to recall him to work prior to the receipt of the notice of determination regarding the denial of benefits and overpayment.

The Board is the ultimate finder of fact in unemployment compensation matters. *Peak v. Unemployment Compensation Board of Review,* 501 A.2d 1383, 1385 (Pa. 1985). As such, the Board has sole discretion to determine the credibility of witnesses, resolve conflicts in the evidence and is free to accept or reject the testimony of any witness in whole or in part. *Id.* at 1388; *Collier Stone Co. v. Unemployment Compensation Board of Review,* 876 A.2d 481, 483 (Pa. Cmwlth. 2005). This Court must examine the evidence in the light most favorable to the party who prevailed before the Board and give that party the benefit of all inferences that can be logically and reasonably drawn from the

---

[4] Our scope of review of the Board's decision is limited to determining whether errors of law were committed, constitutional rights or agency procedures were violated, and necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704; *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1261 n.5 (Pa. Cmwlth. 2015).

5

evidence. *Taylor v. Unemployment Compensation Board of Review,* 378 A.2d 829, 831 (Pa. 1977); *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Findings of fact by the Board that are supported by substantial evidence are conclusive on appeal. *Rossi v. Unemployment Compensation Board of Review*, 676 A.2d 194, 197 n.4 (Pa. 1996); *Aversa v. Unemployment Compensation Board of Review*, 52 A.3d 565, 569 n.4 (Pa. Cmwlth. 2012).

In essence, Claimant argues that his discharge did not convert into a voluntary separation on March 17, 2014 because, contrary to the Board's findings, there had not been an understanding that he would be recalled after one month and Employer never in fact contacted him to ask him to return to work. However, Claimant did not appear or testify at the hearing[5] and his argument is premised largely on facts which find no support in the record. In addition, Claimant relies upon an affidavit attached to his appellate brief from one of his co-workers at Employer which purports to support Claimant's account that there was no agreement for Claimant to be recalled to work in March 2014. As an appellate court, our review is confined to the record before the Board and we may not consider documents outside the certified record or factual arguments which find no support in the record. *Grever v. Unemployment Compensation Board of Review*,

---

[5] Claimant does not challenge the fact that the referee denied his two telephonic requests for a continuance and proceeded with the hearing in Claimant's absence. We note, however, that the determination of whether to grant a continuance is within the discretion of the referee, a request may be granted only upon "proper cause," and the referee acts appropriately in denying a continuance where, as here, the claimant provides only vague or unspecified reasons for such a request. 34 Pa. Code § 101.23; *Skowronek v. Unemployment Compensation Board of Review*, 921 A.2d 555, 558 (Pa. Cmwlth. 2007).

989 A.2d 400, 402 (Pa. Cmwlth. 2010); *Pugh v. Workers' Compensation Appeal Board (Transpersonnel, Inc.)* 858 A.2d 641, 645 n.7 (Pa. Cmwlth. 2004).

Furthermore, the Board's findings that Claimant was laid off with the expectation that he would return on March 17, 2014 and that Claimant did not return to work as expected or contact Employer are supported by substantial evidence. At the hearing, Thomson testified that business was slow prior to Claimant's layoff and he was considering eliminating Claimant's shift but instead proposed a temporary layoff, which Claimant accepted. (R. Item 12, N.T. at 4.) Thomson testified that Claimant's last day of work was February 14, 2014 and he was initially scheduled to be laid off for a four-week period and return on March 17, 2014. (*Id.*) Thomson stated that he initially instructed Claimant's co-worker and friend to tell Claimant that he should report to work on March 17; when Claimant did not show up on that date, Thomson telephoned Claimant and left a voicemail. (*Id.* at 4-5.) Thomson testified that Claimant never returned to work and never informed him why he was not returning. (*Id.* at 5.)

Claimant argues that Thomson's testimony was inconsistent and unreliable, citing an initial statement by Thomson that Claimant was laid off on February 1, 2014 and his later statement that Claimant was laid off on February 14, 2014. Claimant also argues that Thomson testified inconsistently regarding whether or not he spoke directly to Claimant when he telephoned him after he was expected back on March 17, 2014 or only left a voicemail for Claimant. We reject this argument; as discussed above, the Board is empowered to resolve any conflicts in the evidence and we may not interfere with these determinations absent a lack of substantial evidence. Thomson testified that he informed Claimant that he was expected to return on March 17, 2014 and Claimant did not do so; this testimony

7

thus provides clear support for the finding that Claimant voluntarily separated from employment with Employer on that date. Moreover, while Thomson was unclear regarding the specific day in February when Claimant's layoff began, the exact date Claimant was laid off is not determinative in this appeal because the Board only found that Claimant was ineligible for benefits beginning with the March 22, 2014 claim week, after he had been recalled to work.

We further conclude that the Board properly determined that Claimant was ineligible for benefits under Section 402(b) of the Law beginning with the claim week ending March 22, 2014. Whether a claimant's separation from employment constitutes a voluntary resignation is a question of law subject to this Court's plenary review and will be determined from the totality of the facts surrounding the separation. *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1263 (Pa. Cmwlth. 2015); *Middletown Township v. Unemployment Compensation Board of Review,* 40 A.3d 217, 224 (Pa. Cmwlth. 2012). A voluntary separation is not limited to a formal or express resignation and can be inferred from the claimant's conduct, but the claimant must show a "conscious intention to leave his employment." *Monaco v. Unemployment Compensation Board of Review*, 565 A.2d 127, 129 (Pa. 1989) (quotation omitted); *see also Wise*, 111 A.3d at 1263. Thus, though Claimant did not expressly tell Employer that he was quitting, the Board was permitted to conclude that Claimant had intentionally and voluntarily separated from Employer because he understood he was expected to return to work on March 17, 2014 but did not report back or contact Employer. (R. Item 15, Board Decision F.F. ¶¶2-4.) As Claimant did not appear at the hearing to offer any evidence, the Board also appropriately determined Claimant did not have cause of a necessitous and compelling nature for

8

his voluntary separation from Employer. *See Middletown Township*, 40 A.3d at 227-28 (holding that the claimant has the burden of showing necessitous and compelling cause for terminating employment).

Finally, Claimant argues that he was prejudiced by the Department's delay of five months in issuing the notices of determination to inform Claimant that he was ineligible for unemployment compensation benefits and was subject to a fault overpayment and penalty weeks while he continued to receive benefits. However, Claimant did not raise this issue of timeliness of the notices before the referee, and therefore the issue is waived. *Grever,* 989 A.2d at 402 ("Issues not raised at the earliest possible time during a proceeding are waived."). Furthermore, the Law does not impose a deadline on the Department to issue notices of determination; instead, Section 501 of the Law requires that the Department "promptly examine" each claim for benefits and notify the claimant in writing if a claim is determined to be invalid.[6] 43 P.S. § 821(c)(1), (2). Here, that is exactly what happened: the Service Center collected questionnaires from Employer and Claimant regarding Claimant's separation and also conducted telephonic interviews with Employer and Claimant prior to issuing the notices of determination. (R. Item 2, Claimant Separation Information; R. Item 3, Employer Separation Information; R. Item 4, Claimant Record of Oral Interview; R. Item 5, Employer Questionnaire.)

---

[6] Timely notice is one of the essential elements of due process; however, "timely notice" for the purpose of procedural due process requires that notice "sufficiently precedes a hearing so as to give the accused enough time to prepare a defense." *Howell v. Bureau of Professional and Occupational Affairs, State Board of Psychology*, 38 A.3d 1001, 1008 (Pa. Cmwlth. 2011).

9

Accordingly, the order of the Board finding that Claimant was ineligible for unemployment compensation benefits under Section 402(b) is affirmed.[7]

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[7] Because Claimant did not separately challenge the Board's assessment of a fault overpayment in the amount of $5,025 and 17 penalty weeks, we therefore also affirm those determinations. *Rapid Pallet v. Unemployment Compensation Board of Review,* 707 A.2d 636, 638 (Pa. Cmwlth. 1998).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua Grimm,                        :
                                     :
              Petitioner             :
                                     :
       v.                            : No. 2265 C.D. 2014
                                     :
Unemployment Compensation            :
Board of Review,                     :
                                     :
              Respondent             :


# ORDER

AND NOW, this 28th day of October, 2015, the Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**