# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Moses Gonzalez,                                    :
                              Petitioner           :
                                                   :
            v.                                     :     No. 1852 C.D. 2016
                                                   :     Submitted:  March 31, 2017
Unemployment Compensation                          :
Board of Review,                                   :
                              Respondent           :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED:  July 28, 2017**


Petitioner Moses Gonzalez (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board), dated October 19, 2016, dismissing Claimant's appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1]  We affirm the Board's order.

Claimant filed a claim for unemployment compensation benefits following the termination of his employment with J.B. Hunt Transport Inc. (Employer) as a Yard Jockey.  The Erie Unemployment Compensation Service Center (Service Center) issued a Notice of Determination (First Notice), dated July 26, 2016, finding Claimant ineligible for benefits under Section 402(e) of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43. P.S. § 821(e).

Law, relating to willful misconduct.[2]  (Certified Record (C.R.), Item No. 7.)  The First Notice stated that the last day Claimant could appeal the determination was August 10, 2016.  (*Id.*)  Claimant did not file his appeal until August 11, 2016, after the statutory appeal period had expired.  (C.R., Item No. 8.)

A Referee conducted a hearing on September 9, 2016, for the sole purpose of determining whether Claimant timely appealed from the First Notice. (C.R., Item No. 12.)  Claimant testified at the hearing that he received the First Notice before the filing deadline of August 10, 2016.  (*Id.* at 5.)  Claimant further testified that he "didn't realize [] the deadline was the 10th" and that he "neglected to notice" the deadline.  (*Id.* at 7, 8.)  Claimant explained that he, with the assistance of his girlfriend, attempted to file an appeal via e-mail on or about August 2, 2016.  (*Id.* at 5.)  Claimant did not contact the Service Center to verify receipt of the e-mail and did not proffer any evidence of this e-mail's existence or receipt by the Service Center at the hearing.  (*Id.* at 10.)

The Referee subsequently dismissed Claimant's appeal.  (C.R., Item No. 13.)  In so doing, the Referee issued the following findings of fact:

> 1.  On July 26, 2016, the Erie Unemployment Compensation Service Center issued a Notice of Determination finding the claimant ineligible for benefits under Section 402(e) of the [Law] beginning with waiting week ending July 9, 2016.
>
> 2.  The Notice was mailed to the claimant's last known mailing address, and was not returned by the postal authorities as being undeliverable.
>
> 3.  The Notice advised the claimant that the last day to file a timely appeal was August 10, 2016.

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43. P.S. § 802(e).

4. The claimant was not misled or misinformed regarding his appeal rights.

5. On August 11, 2016, the claimant filed an appeal to the Notice of Determination by facsimile.

(*Id.*) The Referee reasoned:

> In the present case, the claimant contends that he initially filed an appeal by e-mail with the assistance of his girlfriend approximately two weeks prior to the second appeal filed by facsimile on August 11, 2016. The claimant testified that he did not receive verification that the e-mail appeal had been received. The evidence shows the claimant did not immediately contact the Unemployment Compensation Service Center to verify the appeal had been received. Court precedent has determined that an appellant is responsible for the successful e-mail transmission of an appeal. The evidence shows that on August 8, 2016, the claimant was advised by Unemployment Compensation Service Center representative that he has the right to file an appeal. However, the claimant did not file the appeal by August 10, 2016, the deadline date, but instead waited until August 11, 2016. The claimant testified that he didn't realize that there was a deadline date in which to file an appeal. The referee finds the claimant has not shown that he filed an untimely appeal due to fraud, a breakdown in the administrative process, or because of non-negligent reasons. Therefore, the claimant's appeal must be dismissed in accordance with the law.

(*Id.*)

Claimant appealed to the Board. By order dated October 19, 2016, the Board affirmed the Referee's determination and adopted and incorporated the Referee's findings and conclusions. The Board explained that "[t]here [was] no credible evidence that the claimant attempted to submit an appeal on August 8, 2016, when he was at the Career Link." (C.R., Item No. 15.) The Board further explained that "[t]here [was] no credible testimony or evidence that the

3

claimant inquired about his denial of benefits or his alleged e-mail appeal." (*Id.*) Claimant now petitions this Court for review of the Board's order.

On appeal,[3] Claimant argues that the Board erred as a matter of law in dismissing his appeal as untimely. Claimant now submits that he received a second Notice of Determination (Second Notice) that lists the last day to timely appeal his denial of benefits as August 15, 2016. Claimant argues that his appeal, submitted via facsimile on August 11, 2016, was, therefore, timely.

Section 501(e) of the Law provides that unless a claimant files an appeal with respect to a notice of determination within fifteen calendar days after the mailing date, such determination is final and compensation shall be paid or denied in accordance therewith. The fifteen-day time limit is mandatory and subject to strict application. *Renda v. Unemployment Comp. Bd. of Review*, 837 A.2d 685, 695 (Pa. Cmwlth. 2003), *appeal denied*, 863 A.2d 1151 (Pa. 2004). Failure to timely appeal an administrative agency's action is a jurisdictional defect, and the time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. Civil Svc. Comm'n, City of Phila.*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). A claimant thus carries a heavy burden to justify an untimely appeal. *Blast Intermediate Unit #17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). An appeal *nunc pro tunc* may be allowed where extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the claimant, his counselor, or a third party

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

caused the delay in filing the appeal. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996).

In the case *sub judice*, Claimant admitted to receiving the First Notice before the August 10, 2016, deadline, yet he did not file his appeal until August 11, 2016. Claimant further admitted that he "neglected to notice . . . the expiration day was the 10[th]." (C.R., Item No. 12 at 8.) Claimant, before this Court, now asserts that his appeal was timely under the Second Notice. Claimant did not raise this issue in his appeal to the Referee, provide any testimony before the Referee regarding the Second Notice, or raise the issue in his appeal to the Board. Only now before this Court does Claimant argue that the Second Notice's deadline of August 15, 2016, subverts the First Notice's deadline of August 10, 2016. "Issues not raised at the earliest possible time during a proceeding are waived." *Grever v. Unemployment Comp. Bd. of Review*, 989 A.2d 400, 402 (Pa. Cmwlth. 2010). Claimant, therefore, failed to preserve the issue when he appealed the Referee's determination to the Board and, consequently, waived the issue. Even if Claimant had preserved this issue, we would still conclude that the Board did not err in determining that Claimant's appeal was untimely. The Second Notice relates to a separate determination issued on a different date denying Claimant's request to backdate a compensable week under Section 401(c) of the Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c), and 34 Pa. Code § 65.43. This determination to deny backdating is independent of the determination to deny Claimant benefits and is, therefore, not the subject of the instant appeal. Even if the Second Notice were relevant to the instant matter, which it is not, we nonetheless would be precluded from considering it on appeal because it is not part

5

of the certified record. *See Croft v. Unemployment Comp. Bd. of Review*, 662 A.2d 24, 28 (Pa. Cmwlth. 1995) ("This Court may not consider auxiliary information appended to a brief that is not part of the certified record on appeal."). Moreover, Claimant does not now argue that his appeal dated August 11, 2016, was otherwise timely.[4]

Accordingly, we affirm the Board's order, dismissing Claimant's appeal as untimely.

_____
P. KEVIN BROBSON, Judge


Judge Cosgrove concurs in result only.

---

[4] Because Claimant's appeal to the Referee was untimely, we, like the Referee and the Board, do not consider his merits challenge to the First Notice, finding him ineligible for benefits.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Moses Gonzalez,            :
           Petitioner     :
           :
           v.            :    No. 1852 C.D. 2016
           :
Unemployment Compensation    :
Board of Review,            :
           Respondent   :

## **O R D E R**

AND NOW, this 28th day of July, 2017, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge